| | |
|---|---|
| **ROB BONTA**<br>*Attorney General* | **State of California**<br>**DEPARTMENT OF JUSTICE** |

455 GOLDEN GATE AVENUE, SUITE 11000<br>
SAN FRANCISCO, CA 94102-7004<br><br>
Telephone: (415) 510-3776<br>
E-Mail: Julie.Veroff@doj.ca.gov

July 7, 2025

**VIA ACMS**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE: *City of Huntington Beach et al. v. Newsom et al.*, No. 25-3826
Briefing Schedule for Plaintiffs' Motion for an Injunction Pending Appeal

Dear Ms. Dwyer:

  On Monday evening, July 7, 2025, Plaintiffs-Appellants filed an emergency motion for preliminary injunction pending appeal. Defendants submit this letter to advise the Court of their view that there is no proper basis to treat Plaintiffs' motion as an "emergency" motion under Circuit Rule 27-3. Nor is there any appropriate basis to depart from the ordinary briefing schedule for motions under Federal Rule of Appellate Procedure 27(a)(3)(A), which allows Defendants to file a response within 10 days after service of the motion. Indeed, after Plaintiffs' counsel notified Defendants' counsel on July 3 of their intent to file this motion, Defendants' counsel asked whether Plaintiffs planned to propose a particular briefing schedule. Defendants' counsel replied that they were "inclined to stick with" the briefing schedule under Federal Rule of Civil Procedure 27(a)(3)(A). Consistent with that ordinary schedule, Defendants intend to file a response to Plaintiffs' motion by July 17, 2025, unless the Court orders otherwise.

  Plaintiffs' asserted basis for filing an "emergency motion" pursuant to Circuit Rule 27-3, rather than an ordinary motion, is undercut by their own litigation conduct. When Plaintiffs filed their motion for preliminary injunction pending appeal with the district court on June 30, they noticed the hearing for July 22—one day after they now claim they require emergency interim relief from this Court. D. Ct. Dkt. 101 at 2. Nowhere in their motion or accompanying brief did they inform the district court that one of the Parent Plaintiffs' children begins school on July 21; indeed, they did not specify when instruction would next begin for any of the Parent Plaintiffs' children or provide any details to justify a request that the district court depart from the ordinary requirement under the local rules that a notice of motion be served at least 28 days prior to a hearing date. *See* C.D. Cal. Local R. 6-1. Their only justification for expedited relief was that "[t]he 2025-2026 school year is looming," D. Ct. Dkt. 101-1 at 6; *see also* D. Ct. Dkt. 101 at 3 ("the 2025-2026 school year is set to begin shortly"). In light of those representations, the district court reasonably scheduled a hearing on the motion for July 29. D. Ct. Dkt. 102. Defendants' opposition is already on file. D. Ct. Dkt. 103.

July 7, 2025
Page 2

Moreover, Plaintiffs' counsel informed Defendants' counsel on Thursday, July 3 that they intended to file an emergency motion for preliminary injunction pending appeal with this Court. Plaintiffs' counsel then waited four-and-a-half days to file the motion. Plaintiffs now assert for the first time that one Parent Plaintiffs' child will begin school on July 21, but they offer no reason to think that Parent Plaintiff, or any Parent Plaintiff, faces immediate harm on day one of the school year. And briefing on the merits before this Court is proceeding expeditiously: this Court placed the appeal on a preliminary injunction schedule, with Plaintiffs' opening brief due on July 16, 2025, and Defendants' answering brief due on August 13, 2025. Dkt. 2.[1]

Plaintiffs' own conduct in this litigation more generally further undercuts their claim that urgent emergency relief is warranted. Assembly Bill 1955 was enacted on July 15, 2024, and went into effect on January 1, 2025. Although Plaintiffs filed their lawsuit on September 17, 2024, they did not move for a preliminary injunction until March 26, 2025—more than eight months after the law was passed and nearly three months after it had gone into effect. They then stipulated to a briefing schedule on that motion extending through the end of May 2025, and subsequently sought a further extension into June 2025. D. Ct. Dkts. 73, 74, 90. The timing concerns now raised by Plaintiffs are a product of their own litigation decisions.

Finally, there are serious questions whether Plaintiffs face *any* cognizable harm from the challenged law, Assembly Bill 1955. The district court correctly held that more than half of the Plaintiffs in this litigation—the City of Huntington Beach and five of the parent Plaintiffs—lack standing. D. Ct. Dkt. 96 at 6, 14. Defendants intend to argue on appeal—and in their response to Plaintiffs' motion for an injunction pending appeal—that the remaining five Plaintiffs' claims are likewise nonjusticiable. The Court and the parties should not unnecessarily rush when there are, at a minimum, serious questions as to the Court's jurisdiction.

Sincerely,

*/s/ Julie Veroff*

JULIE VEROFF
Deputy Solicitor General

For    ROB BONTA
        Attorney General

---

[1] The Court set an expedited, preliminary injunction briefing schedule despite the fact that the district court dismissed Plaintiffs' claims for lack of standing and failure to state a claim. *See* D. Ct. Dkt. 96 at 34 (ordering dismissal of Plaintiffs' claims); D. Ct. Dkt. 97 (denying request for preliminary injunction as moot in light of that dismissal).