FILED

SEP 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CITY OF HUNTINGTON BEACH, ET AL., | No. 25-3826 |
| Plaintiffs-Appellants, | |
| v. | D.C. No. 8:24-cv-02017-CBM-JDE Central District of California, Santa Ana |
| GAVIN NEWSOM, ET AL., | |
| Defendants-Appellees. | ORDER |

Before: COLLINS, LEE, and KOH, Circuit Judges.

Before the court is Plaintiffs-Appellants' "Emergency Motion Under Circuit Rule 27-3 for Preliminary Injunction Pending Appeal" (Dkt. 9). On July 18, 2025, we denied the specific request made in that motion for immediate interim relief by July 21, 2025, but we stated that the motion remained pending in all other respects. *See* Dkt. 20. Noting that a party must ordinarily seek an injunction pending appeal from the district court, *see* FED. R. APP. P. 8(a)(1)(C), we instructed the parties to "notify this court forthwith if the district court issues its ruling on the pending motion in the district court for a preliminary injunction pending appeal or if the district court unreasonably delays in issuing its ruling." Dkt. 20. On August 12, 2025, Plaintiffs-Appellants filed a notice stating that district court held a hearing on that motion on July 31, 2025, but that it had not yet ruled on the motion. *See* Dkt. 25. On September 4, 2025, Plaintiffs-Appellants filed a second notice

reiterating that the district court had yet to rule on the motion. See Dkt. 39. A review of the district court's docket reveals that, as of the date of this order, the district court still has not ruled on Plaintiffs-Appellants' pending motion in that court for an injunction pending appeal. Because Rule 8's instruction that a party must "ordinarily" first seek relief from the district court does not affect our jurisdiction over the present motion, but reflects only a prudential limitation on the exercise of this court's equitable authority in connection with this appeal, we have discretion to proceed to decide that motion if, in our view, the district court has unreasonably delayed in deciding the request first presented to it in accordance with Rule 8(a)(1)(C). In our view, the district's court's six-week delay in deciding the motion presented to it is unreasonable, and we therefore proceed to decide the pending motion in this court for an injunction pending appeal.

    As a preliminary matter, we note that only Plaintiff City of Huntington Beach ("the City") and Plaintiffs 2A, 3A, 4A, 5A, 6A, 7A, 8A, and 10A have appealed the district court's adverse judgment, and we therefore lack jurisdiction over the claims of the remaining Plaintiffs. *See United States ex rel. Alexander Volkhoff, LLC v. Janssen Pharmaceutica N.V.*, 945 F.3d 1237, 1243 (9th Cir. 2020). We accordingly construe the Plaintiffs-Appellants' motion for an injunction pending appeal as pertaining only to the City and Plaintiffs 2A, 3A, 4A, 5A, 6A, 7A, 8A, and 10A.

2

"The standard for evaluating an injunction pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Feldman v. Arizona Sec'y of State's Off.*, 843 F.3d 366, 367 (9th Cir. 2016) (en banc). That test requires us to consider the plaintiffs' "likelihood of success on the merits," the plaintiffs' showing of possible "irreparable injury," the "balance of hardships," and the "public interest." *Southeast Alaska Conservation Council v. U.S. Army Corps of Eng'rs*, 472 F.3d 1097, 1100 (9th Cir. 2006) (citations omitted). However, because Article III standing is also a component of the plaintiffs' burden of proof in every case, it follows that, "[a]t the preliminary injunction stage, the plaintiff[s] must make a clear showing that [they are] likely to establish each element of standing." *Murthy v. Missouri*, 603 U.S. 43, 58 (2024) (simplified). Accordingly, to obtain an injunction pending appeal, Plaintiffs-Appellants must present evidence to show, *inter alia*, that they are likely to establish the three key elements of Article III standing, which are (1) an injury-in-fact (2) that is fairly traceable to the challenged action of the defendant and (3) that would be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (stating elements of Article III standing); *Murthy*, 603 U.S. at 58 (stating that, in requesting a preliminary injunction, a plaintiff must present "factual evidence" to support its claim of standing). Our application of these standards in the context of this motion turns on the particular arguments and

3

evidence presented concerning that motion, and it does not purport to resolve the merits of the appeal, which also raises issues concerning the adequacy of the complaint under the applicable pleading standards. *Cf. Doe #1 v. Trump*, 957 F.3d 1050, 1070 (9th Cir. 2020) (stating that a panel in resolving emergency motion concerning a preliminary injunction does "not prejudge the consideration of the merits appeal").

In their motion for an injunction pending appeal in this court, Plaintiffs-Appellants note that the district court ruled that the City lacked standing to sue, but the motion does not endeavor to explain why that holding was wrong, nor does it contend that the City has made any sufficient evidentiary showing of standing under any legally viable theory to allow it to obtain affirmative injunctive relief pending appeal. Accordingly, we construe the motion as only asserting that the individual Plaintiffs-Appellants have made a sufficient evidentiary showing of Article III standing for purposes of the requested injunction pending appeal.

In support of the individual Plaintiffs-Appellants' claims of standing, the pending motion in this court relies on the same declarations that were presented in the district court in connection with Plaintiffs' initial motion for a preliminary injunction. We therefore proceed to consider whether these declarations provide sufficient evidentiary support for the individual Plaintiffs-Appellants' Article III standing.

4

For purposes of this motion, we will assume without deciding that the individual Plaintiffs-Appellants have made a sufficient showing of a future injury-in-fact based on their claims that there is a substantial risk that their respective children will experience confusion about their gender identity, that their children will reveal that to school officials, and that their children's schools will then conceal from them both that information and the schools' actions in response to it. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) ("An allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a 'substantial risk that the harm will occur.'" (simplified)). Plaintiffs-Appellants, however, have not sued their respective school districts or any district or school employees. *Cf. Regino v. Staley*, 133 F.4th 951 (9th Cir. 2025). Instead, they have sued state officials in their official capacity and they seek an injunction preventing those officials from enforcing a state law, AB 1955, 2024 Cal. Stat. ch. 95 ("AB 1995"). Accordingly, even if one assumes that the individual Plaintiffs have adequately alleged future injury-in-fact, to obtain the requested injunctive relief against these Defendants, they must also make the requisite evidentiary showing that any such future injuries are fairly traceable to AB 1955 and would be redressed by a decision invalidating AB 1955 in whole or in part. We conclude that the individual Plaintiffs-Appellants have failed to make a sufficient evidentiary showing on these points to support their emergency motion.

5

Contrary to what the district court assumed in its order granting Defendants' motion to dismiss, the challenged provisions of AB 1955 do not "*prohibit* schools and school district employees" from disclosing information about gender identity or gender expression (emphasis added). Rather, these provisions state only that (1) school employees "shall not be *required* to disclose any information related to a pupil's sexual orientation, gender identity, or gender expression to any other person without the pupil's consent unless otherwise required by state or federal law," CAL. EDUC. CODE § 220.3(a) (emphasis added); and (2) school districts "shall not enact or enforce any policy, rule, or administrative regulation that would *require* an employee" to disclose such information, *id.* § 220.5(a) (emphasis added). Nothing in the language of these provisions forbids a school employee from deciding to disclose such information to a parent in a given case, even without the child's consent. Nor does anything in these provisions forbid a school district from adopting a policy that employees *may* elect to make such disclosures. By their terms, these two challenged provisions only prohibit *mandatory* reporting policies or directives. Accordingly, in order to make a showing that a future failure to report such information to a parent is fairly traceable to AB 1955, Plaintiffs-Appellants would need to present evidence indicating that, in the absence of AB 1955's prohibition on mandatory policies or directives, such information would otherwise be disclosed to them.

6

Although the operative complaint alleges that "[s]ome of the parents lived in communities and school districts with family-friendly policies *requiring* schools to inform parents if the school had been asked to facilitate social transitioning" and that these policies were ended by AB 1955 (emphasis added), a request for an affirmative injunction "cannot rest on 'mere allegations,' but must instead" be supported by "factual evidence," *see Murthy*, 603 U.S. at 58 (citation omitted). Plaintiffs-Appellants have failed to provide such evidence.

Plaintiffs 2A, 3A, 4A, 5A, 6A, 7A, and 8A have not presented any evidence in support of their motion suggesting that, in the absence of AB 1955, their school districts would employ mandatory reporting policies or directives concerning gender identity or gender expression. Specifically, the declarations of Plaintiffs 2A, 3A, 5A, 6A, and 7A identify only the *county* in which their children attend school and, because these counties (Los Angeles, San Diego, and Orange County) have multiple school districts, it is not even clear in which school districts or schools their children are enrolled, much less what those districts' or schools' policies on this subject were or would be in the absence of AB 1955. Plaintiff 4A does not even identify the county in which the relevant child is enrolled in school, and thus provides no pertinent proof on this issue. Plaintiff 8A avers that her daughter is enrolled in a public high school in San Francisco (which has only one school district), but her declaration provides no evidence that would support the

7

view that, in the absence of AB 1955, either the San Francisco Unified School District or her child's school would employ mandatory reporting policies or directives on this subject.

Plaintiff 10A has averred in a declaration that her children attend local schools in Huntington Beach, and Plaintiffs-Appellants emphasize that the City has adopted a policy of mandatory disclosure that they assert conflicts with AB 1955. However, Plaintiffs-Appellants have presented no evidence that the Huntington Beach City *School District* has adopted a comparable policy. Although Plaintiffs-Appellants argue that the City's policy is legally binding on the school district and its employees, we conclude that Plaintiffs-Appellants at this stage have not shown a sufficient likelihood of success on that point. *See Harrahill v. City of Monrovia*, 128 Cal. Rptr. 2d 552, 556 (Ct. App. 2002); *Laidlaw Waste Sys., Inc. v. Bay Cities Servs., Inc.*, 50 Cal. Rptr. 2d 824, 827 (Ct. App. 1996); *City & Cnty. of San Francisco v. Patterson*, 248 Cal. Rptr. 290, 294 (Ct. App. 1988).

Because Plaintiffs-Appellants have not made a sufficiently "clear showing" that any of them are "'likely' to establish each element of standing," we deny their motion for a preliminary injunction pending appeal. *Murthy*, 603 U.S. at 58 (citation omitted).