No. 25-3826

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CITY OF HUNTINGTON BEACH, a California Charter City, and Municipal Corporation; PARENT, 1A, 2A, 3A, 4A, 5A, 6A, 7A, 8A, 9A, 10A,
*Plaintiffs-Appellants*,

v.

GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROB BONTA, in his official capacity as Attorney General of the State of California; TONY THURMOND, in his official capacity as California State Superintendent of Public Instruction,
*Defendants-Appellees*.

On Appeal from the United States District Court
for the Central District of California
No. 8:24-cv-02017-CBM-JDE; Hon. Consuelo B. Marshall

## RENEWED MOTION FOR
## PRELIMINARY INJUNCTION PENDING APPEAL,
## ONLY AS TO PARENT 7A

Michael J. Vigliotta
  City Attorney
OFFICE OF THE CITY ATTORNEY
2000 Main Street, P.O. Box 190
Huntington Beach, CA 92648
Telephone: (714) 536-5555
mvigliotta@surfcity-hb.org

*Counsel for Plaintiff-Appellant
City of Huntington Beach,
a California Charter City, and
Municipal Corporation*

*\*Additional counsel on next page*

Gene C. Schaerr
Stephanie L. Freudenberg
Justin A. Miller
SCHAERR|JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
gschaerr@schaerr-jaffe.com

Donald M. Falk
SCHAERR|JAFFE LLP
One Embarcadero Ctr., Ste. 1200
San Francisco, CA 94111
Telephone: (415) 562-4942

*Counsel for Plaintiffs-Appellants*

Nicholas Barry
Ian Prior
AMERICA FIRST LEGAL
FOUNDATION
611 Pennsylvania Ave. S.E., #231
Washington, DC 20003
(202) 964-3721

*Counsel for Plaintiffs-Appellants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ..................................................................................................... 1

ADDITIONAL BACKGROUND AND FACTS ..................................................... 3

ARGUMENT ............................................................................................................ 7

    I.    Parent 7A Has Shown a Sufficient Likelihood of Standing ........ 9

    II.   On This Record, Denying Standing to Parent 7A Would Contravene Recent Supreme Court Precedent. ......................... 11

CONCLUSION ....................................................................................................... 12

CERTIFICATE OF COMPLIANCE ...................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*All. for Wild Rockies v. Cottrell*,
  632 F.3d 1127 (9th Cir. 2011) ...................................................................... 8

*Cameron v. Bouchard*,
  818 F. App'x 393 (6th Cir. 2020) ................................................................. 8

*Diamond Alt. Energy, LLC v. EPA*,
  606 U.S. 100 (2025) ......................................................................... 10, 11, 12

*Doe No. 1 v. Reed*,
  697 F.3d 1235 (9th Cir. 2012) ...................................................................... 8

*Feldman v. Ariz. Sec'y of State's Off.*,
  843 F.3d 366 (9th Cir. 2016) ........................................................................ 7

*Mahmoud v. Taylor*,
  606 U.S. 522 (2025) ................................................................................ 9, 10

*N.Y. State Rest. Ass'n v. N.Y.C. Bd. of Health*,
  556 F.3d 114 (2d Cir. 2009) ......................................................................... 8

*Nken v. Holder*,
  556 U.S. 418 (2009) ..................................................................................... 7

*Pierce v. Society of Sisters*,
  268 U.S. 510 (1925) ................................................................................... 12

*Winter v. Nat. Res. Def. Council, Inc.*,
  555 U.S. 7 (2008) ......................................................................................... 7

**Statutes**

Assembly Bill 1955 (Cal. 2024) ...................................................................... 1, 4

Cal. Educ. Code §220.3 ...................................................................................... 4

Cal. Educ. Code §220.5 ...................................................................................... 4

**Rule**

Fed. R. App. P. 8 ................................................................................................. 3

**Other Authority**

Orange Cnty. Bd. of Educ. Resol. #17-24 (2024) ........................................ 2, 6, 10

## INTRODUCTION

In light of new and judicially noticeable evidence, Parent 7A renews her request for preliminary relief from Sections 5 and 6 of California Assembly Bill 1955 (2024) (the "Challenged Provisions"). Those provisions prohibit schools, districts, and county boards of education from requiring teachers—by policy or otherwise—to tell parents any information related to their child's "gender identity" or "gender expression" without the child's consent. That shield from compelled disclosure in turn facilitates school-based social transitions of children to the gender opposite their sex. And that concrete risk irreparably injures Parent 7A—especially given the reality that, absent AB 1955, the Orange County school system to which she sends her child likely would require school staff to disclose to her any information about gender dysphoria and/or transition efforts with respect to her child. Parent 7A urges the Court to act expeditiously on this request, as her child, who has shown signs of gender dysphoria in the past, is now a senior in high school and could be subject to secret transition efforts at any time.

Parent 7A brought this action and joined Parents' initial motion for preliminary injunction pending appeal because AB 1955's blanket

prohibitions violate her constitutionally protected parental rights (1) to direct medical (including psychological) treatment of her child and (2) to avoid having state actors suppress information about her child's symptoms of psychological distress that she needs to perform her parental role. This Court denied Parents' initial motion for preliminary injunction pending appeal on standing grounds, holding that they "failed to make a sufficient evidentiary showing" that their injuries are "fairly traceable to AB 1955 and would be redressed by a decision invalidating AB 1955 in whole or in part." Dkt. 42.1 at 5.[1]

The Court's order also laid out a roadmap explaining what the Parents needed to establish standing, including that "their school districts would employ mandatory reporting policies or directives concerning gender identity or gender expression." *Id.* at 7. Parent 7A's daughter attends public school in Orange County. 3-ER-381 ¶ 5. Records submitted in the accompanying Motion for Judicial Notice show that the Orange County Board of Education (1) recognizes that "Parents have the inherent natural and constitutional right to direct the upbringing of their children[,]" Orange Cnty. Bd. of Educ. Resol. #17-24, at 2 (2024); and

---

[1] Page numbers refer to ECF page numbers.

2

(2) is actively challenging AB 1955 as violative of parental rights. *See* Mot. Jud. Notice Exs. A–C.

In light of the Board's actions, Parent 7A is likely to establish each element of standing and therefore respectfully requests that the Court enter a preliminary injunction under Federal Rule of Appellate Procedure 8(a)(2) blocking enforcement, as to her, of the Challenged Provisions of the Act until this Court resolves Parents' appeal of the district court's June 16, 2025 order dismissing their claims, 1-ER-4-39, and its June 17, 2025 order denying their motion for preliminary injunction as moot. 1-ER-3.

## ADDITIONAL BACKGROUND AND FACTS

The Court is familiar with the background of this case, and the factual recitations in the initial motion for preliminary injunction pending appeal and appellants' briefs on the merits are incorporated by reference. *See* Pls.-Appellants' Emerg. Mot. for Prelim. Inj. Pending Appeal ("Initial Mot.") at 17–28 (Dkt. 9); Br. for Appellants ("Br.") at 18–31 (Dkt. 14). This motion focuses on the facts most relevant to Parent 7A's entitlement to preliminary relief, particularly those not addressed in prior briefing.

3

As the Court is aware, AB 1955, Section 5 provides that California public school employees "shall not be required to disclose any information related to a pupil's … gender identity, or gender expression to any other person without the pupil's consent unless otherwise required by state or federal law." AB 1955, §5 (adding Cal. Educ. Code §220.3). Section 6 provides that California public schools, districts, and boards of education "shall not enact or enforce any policy, rule, or administrative regulation that would require an employee or a contractor to disclose any information related to a pupil's … gender identity, or gender expression to any other person without the pupil's consent, unless otherwise required by state or federal law." AB 1955, §6 (adding Cal. Educ. Code §220.5).

Parent 7A's daughter, a minor child and high school senior, attends a California public school in Orange County. *See* 3-ER-381 ¶ 5. Her daughter has demonstrated issues relating to her gender identity. 3-ER-382-84 ¶¶ 6–19. And Parent 7A wants to be kept informed by her child's school if her daughter engages in gender-confused behavior that may indicate gender dysphoria or incongruence, and about any efforts by school personnel to treat the child by socially transitioning her to the

4

gender opposite of the child's biological sex. 3-ER-384 ¶ 20. And Parent 7A is concerned that such transition efforts could occur at any time, without her knowledge or consent. *See id.*

Parent 7A and the other Parents sought to enjoin the Challenged Provisions in the Central District of California. In dismissing the case (and denying as moot the motion for a preliminary injunction), the district court held that Parent 7A had standing to sue, 1-ER-17, but had not stated a claim on the merits. *See* 1-ER-18-35.

Parents appealed and filed an emergency motion for preliminary injunction pending appeal, with both the district court and this Court. Because the district court "unreasonably delayed" in ruling on the motion, this Court decided the motion in the first instance. *See* Dkt. 42.1 at 2.

This Court, however, denied the motion for failure to make a "sufficiently clear" showing of standing. In particular, this Court held that Parents "failed to make a sufficient evidentiary showing" that their injuries are "fairly traceable to AB 1955 and would be redressed by a decision invalidating AB 1955 in whole or in part." *Id.* at 5. But the Court also explained what the Parents must demonstrate to make the requisite

5

evidentiary showing, including that "their school districts would employ mandatory reporting policies or directives concerning gender identity or gender expression" but for AB 1955. *Id.* at 7.

The records in the accompanying Motion for Judicial Notice fill that gap. They show that, in response to AB 1955, the Orange County Board of Education unanimously declared on August 7, 2024:

1. "Opposition to AB 1955 as a law that will fundamentally hurt transgender and LGBTQ youth throughout Orange County and the State of California."

2. "Parents have the inherent natural and constitutional right to direct the upbringing of their children, and that AB 1955 opposes these rights."

3. "Intentions to initiate legal proceedings for the purpose of challenging the lawfulness of AB 1955 in the federal courts."

Orange Cnty. Bd. of Educ. Resol. #17-24, at 2 (Mot. Jud. Notice Ex. A)). The Board then joined a lawsuit challenging AB 1955, *Chino Valley Unified School District v. Newsom*, No. 2:24-cv-01941-DJC-JDP (E.D. Cal.), on August 8, 2024. *See* Docket (Mot. Jud. Notice Ex. B)). The Amended Complaint in that case alleges that "AB 1955 compels [the Board] to allow their employees to violate parents' constitutional and statutory rights." Am. Compl. ¶ 88 (Mot. Jud. Notice Ex. C).

6

It is reasonable to infer from the Board's stance that, but for AB 1955, the Board would ensure that parents of Orange County public school students—like Parent 7A—would receive "information … regarding changes to their children's gender identity or gender expression." *Id.* ¶ 91.

## ARGUMENT

Under the governing standards, Parent 7A is entitled to a preliminary injunction pending appeal. The legal standards for granting a preliminary injunction and for a preliminary injunction pending appeal are "similar." *Feldman v. Ariz. Sec'y of State's Off.*, 843 F.3d 366, 367 (9th Cir. 2016). The movant "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The balance of equities and public interest merge when the government is the defendant. *See Nken v. Holder*, 556 U.S. 418, 435 (2009). And a preliminary injunction may issue to prevent demonstrated irreparable harm if plaintiffs raise "serious questions going to the merits" and the balance of hardships (here incorporating the

7

public interest) "tips sharply towards the plaintiff." *All. for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

The standard for a renewed motion for preliminary injunction pending appeal is the same as for an initial motion. *See, e.g., Cameron v. Bouchard*, 818 F. App'x 393, 394 (6th Cir. 2020); *see also Doe No. 1 v. Reed*, 697 F.3d 1235, 1238 (9th Cir. 2012) (noting that renewed motion was considered but denied). And such motions can be raised "at or after oral argument." *N.Y. State Rest. Ass'n v. N.Y.C. Bd. of Health*, 556 F.3d 114, 122 (2d Cir. 2009).

In the interests of efficiency, the points articulated in the appellants' merits briefs and the initial motion for preliminary injunction pending appeal are incorporated by reference. *See* Initial Mot. at 28–42; Pls.-Appellants' Reply in Supp. of Mot. for Prelim. Inj. Pending Appeal ("Initial Mot. Reply") at 6–20 (Dkt. 23); Br. at 31–87; Reply Br. for Appellants ("Reply Br.") at 9–43 (Dkt. 38). That briefing demonstrates that Parent 7A has likely shown, or has at least raised serious questions about whether, the Challenged Provisions violate her fundamental due process rights to direct her child's medical treatment and to avoid having state actors suppress information about her child's health. Initial Mot. at

8

28–35; Initial Mot. Reply at 13–17; Br. at 50–76; Reply Br. at 26–39. That briefing also demonstrates that the Challenged Provisions do not satisfy strict scrutiny; Parent 7A will be irreparably harmed if the requested injunction is not granted; and the balance of equities and public interest sharply favor Parent 7A. Initial Mot. at 35–42; Initial Mot. Reply at 18–20; Br. at 76–87; Reply Br. at 39–43.

This renewed motion explains that Parent 7A can satisfy with judicially noticeable records the roadmap for causation and redressability that this Court set out in its September 12, 2025 order.

## I. Parent 7A Has Shown a Sufficient Likelihood of Standing.

In light of the judicially noticeable records presented to this Court, Parent 7A has clearly shown that she *likely* has standing—and that is all she need show at this stage. When this Court denied Parents' initial motion for preliminary injunction pending appeal, it "assume[d] without deciding" that the parents had alleged a sufficient injury-in-fact. Dkt. 42.1 at 5. Rightly so. Parent 7A need not "wait and see" whether the school's policy will harm her daughter. *Mahmoud v. Taylor*, 606 U.S. 522, 560 (2025). She cannot "realistic[ally]" be expected "to rely on after-the-fact reports" by her child regarding what the school is doing. *Id.* When a

9

school seeks to keep parents in the dark, "stat[ing] that it will not notify parents," it injures them in their parental rights. *Id.*

The Court's concern instead was limited to causation and redressability. Dkt. 42.1 at 6. This Court decided that the Parents "failed to provide … evidence" that their children's schools—but for AB 1955—would have to inform parents if the school had been asked to facilitate social transitioning. *Id.* at 7. For Parent 7A, however, this evidence is subject to judicial notice, as explained in the accompanying Motion for Judicial Notice.

Parent 7A need only show that invalidating AB 1955 would "likely (not certainly, but likely)" redress her injuries. *Diamond Alt. Energy, LLC v. EPA*, 606 U.S. 100, 118 (2025). She has done so. The Orange County Board of Education in charge of her daughter's public school unanimously declared in a public resolution on August 7, 2024 its "[o]pposition to AB 1955" and its support for parents' "inherent natural and constitutional right to direct the upbringing of their children." Orange Cnty. Bd. of Educ. Resol. #17-24, at 2 (Mot. Jud. Notice Ex. A)). The Board then joined the *Chino Valley* lawsuit challenging AB 1955 on August 8, 2024. Mot. Jud. Notice Ex. B.

10

In the Amended Complaint in *Chino Valley*, the Board alleged that "AB 1955 compels [the Board] to allow their employees to violate parents' constitutional and statutory rights" and sought a determination that "the First and Fourteenth Amendments preclude the government—namely, public school teachers and other employees—from withholding information from parents regarding changes to their children's gender identity or gender expression." Am. Compl. ¶¶ 88, 91 (Mot. Jud. Notice Ex. C). Accordingly, it is more than reasonable to infer that, but for AB 1955, Parent 7A—as a parent of a child attending public school in Orange County—would obtain a policy, directive or agreement requiring her daughter's teachers to provide her such information.[2]

## II. On This Record, Denying Standing to Parent 7A Would Contravene Recent Supreme Court Precedent.

The State cannot evade review of AB 1955 by claiming that AB 1955 merely regulates schools, districts, and boards of education, not parents like Parent 7A, who "might be considered an object of the California regulations," albeit an indirect one. *Diamond,* 606 U.S. at 114–15 (fuel

---

[2] Parent 7A—and other Parent plaintiffs—can and will provide additional evidence supporting this likelihood on remand. But that additional evidence is not in a judicially noticeable form.

11

producers had standing to challenge California's regulation of manufacturing gasoline-powered automobiles). Rather, her situation recalls *Pierce v. Society of Sisters*, 268 U.S. 510 (1925), the fundamental parental rights case on which the Supreme Court relied in *Diamond*. *See* 606 U.S. at 114–15. As the Supreme Court explained, certain schools had standing to sue in *Pierce* where *parents* were prohibited from sending their children there. *Id.* at 115. And here, although it is the Board that is prohibited from taking action by AB 1955, it is Parent 7A's parental rights that are violated.

Thus, Parent 7A has shown that her ongoing injuries are fairly traceable to AB 1955 and that the relief requested here would remedy those injuries.

## CONCLUSION

A preliminary injunction should be entered enjoining the Challenged Provisions of AB 1955 as to Parent 7A until this Court has resolved Parents' pending appeal. And the Court should act expeditiously on this motion, as Parent 7A's child is now a senior in high school, has shown signs of gender dysphoria in the past, and could be subject to secret transition efforts at any time.

12

Dated: November 13, 2025

Michael J. Vigliotta
  City Attorney
OFFICE OF THE CITY ATTORNEY
2000 Main Street, P.O. Box 190
Huntington Beach, CA 92648
Telephone: (714) 536-5555

*Counsel for Plaintiff-Appellant
City of Huntington Beach,
a California Charter City,
and Municipal Corporation*

Respectfully submitted,

*/s/ Gene C. Schaerr*
Gene C. Schaerr
  *Counsel of Record*
Stephanie L. Freudenberg
Justin A. Miller
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
gschaerr@schaerr-jaffe.com

Donald M. Falk
SCHAERR | JAFFE LLP
One Embarcadero Center
Suite 1200
San Francisco, CA 94111
(415) 562-4942

Nicholas Barry
Ian Prior
AMERICA FIRST LEGAL
FOUNDATION
611 Pennsylvania Ave. S.E., #231
Washington, DC 20003
Telephone: (202) 964-3721

*Counsel for Plaintiffs-Appellants*

13

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Circuit Rules 27-1(1)(d) and 32-3(2) because:

    ☒ this brief contains 2,414 words, excluding the parts of the brief exempted by Fed. R. App. P. 27(a)(2)(B) and 32(f), *or*

    ☐ this brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

    ☒ this brief has been prepared in a proportionally spaced typeface using <u>Microsoft Word 365</u> in <u>14-point Century Schoolbook</u>, *or*

    ☐ this brief has been prepared in a monospaced spaced typeface using (state name and version of word processing program) _____ with (state number of characters per inch and name of type style) _____ _____.

*/s/ Gene C. Schaerr*
Gene C. Schaerr

*Counsel for Plaintiffs-Appellants*
