**No. 25-3826**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

CITY OF HUNTINGTON BEACH, a California Charter City, and Municipal Corporation; PARENT, 1A, 2A, 3A, 4A, 5A, 6A, 7A, 8A, 9A, 10A,
*Plaintiffs-Appellants*,

v.

GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROB BONTA, in his official capacity as Attorney General of the State of California; TONY THURMOND, in his official capacity as California State Superintendent of Public Instruction,
*Defendants-Appellees.*

On Appeal from the United States District Court
for the Central District of California
No. 8:24-cv-02017-CBM-JDE; Hon. Consuelo B. Marshall

## REPLY BRIEF IN SUPPORT OF RENEWED MOTION FOR
## PRELIMINARY INJUNCTION PENDING APPEAL,
## ONLY AS TO PARENT 7A

Michael J. Vigliotta
  City Attorney
OFFICE OF THE CITY ATTORNEY
2000 Main Street, P.O. Box 190
Huntington Beach, CA 92648
Telephone: (714) 536-5555
mvigliotta@surfcity-hb.org

*Counsel for Plaintiff-Appellant*
*City of Huntington Beach,*
*a California Charter City, and*
*Municipal Corporation*

*Additional counsel on next page

Gene C. Schaerr
Stephanie L. Freudenberg
Justin A. Miller
SCHAERR|JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
gschaerr@schaerr-jaffe.com

Donald M. Falk
SCHAERR|JAFFE LLP
One Embarcadero Ctr., Ste. 1200
San Francisco, CA 94111
Telephone: (415) 562-4942

*Counsel for Plaintiffs-Appellants*

Nicholas Barry
Ian Prior
AMERICA FIRST LEGAL
FOUNDATION
611 Pennsylvania Ave. S.E., #231
Washington, DC 20003
(202) 964-3721

*Counsel for Plaintiffs-Appellants*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES.....................................................................ii

INTRODUCTION..................................................................................1

ARGUMENT .......................................................................................2

    A.    The State's Procedural Obstacles Lack Merit...........................2

    B.    Parent 7A is Suffering Injury-in-Fact.......................................3

    C.    Parent 7A's Injury is Caused by AB 1955 and Would Be
        Redressed by a Preliminary Injunction. ....................................5

CONCLUSION .....................................................................................9

CERTIFICATE OF COMPLIANCE.......................................................11

# TABLE OF AUTHORITIES

**Cases**                                                                                                     **Page(s)**

*Diamond Alternative Energy, LLC v. EPA,*
    606 U.S. 100 (2025) ...........................................................................6

*Lowry v. Barnhart,*
    329 F.3d 1019 (9th Cir. 2003) ............................................................3

**Statutes**

Assembly Bill 1955 (Cal. 2024) ...............................................................5

Cal. Educ. Code § 220.3.........................................................................5

Cal. Educ. Code § 220.5.........................................................................5

Cal. Educ. Code § 1042 .........................................................................7

Cal. Educ. Code § 1240 .........................................................................7

**Other Authorities**

Merriam-Webster Dictionary....................................................................7

Tr. Orange Cnty. Bd. of Educ. Mtg. (Jan. 4, 2023)..................................8

## INTRODUCTION

The State's opposition rests on an attempt to obscure one of AB 1955's central harms: the law permanently forecloses parents' ability to use persuasion or the political process to induce schools or school districts to agree to disclose students' social transition—or any behavior related to gender identity—to their parents without the child's consent. And because of AB 1955, neither a school nor a district can *mandate* disclosure. So it would be absurd to make standing depend on a showing that some educational governing body was nevertheless mandating disclosure in violation of state law.

Compounding that error, the State tries to transform standing into a hurdle that no parent can clear—and disregards this Court's roadmap for establishing standing in this case. By following that roadmap, however, Parent 7A has shown a sufficient likelihood of standing. She filed a motion for judicial notice of public records showing the Orange County Board of Education's opposition to AB 1955—a motion to which the State did not file a timely opposition. Her evidence demonstrates that she is suffering an ongoing injury-in-fact caused by AB 1955 and that, in the absence of AB 1955, her daughter's school would likely be prevented

from withholding information regarding changes to her daughter's gender identity and gender expression—thereby redressing Parent 7A's injury. A preliminary injunction therefore should be entered enjoining enforcement of the Challenged Provisions of AB 1955 as to Parent 7A until this Court has resolved Parents' pending appeal.

## ARGUMENT

### A. The State's Procedural Obstacles Lack Merit.

The State first seeks to forestall an injunction pending appeal because the arguments and evidence in the renewed motion were not presented to the district court. Opp'n 5 (Dkt. 50).[1] As this Court is aware, the Parents filed their initial motion for preliminary injunction pending appeal with the district court before moving here. *See* Dkt. 42.1 at 1–2. And Parent 7A's renewed motion focuses on her standing, *see generally* Dkt. 49.1—yet the district court held that Parent 7A *did* have standing to bring her claims. 1-ER-17. Because only this Court's order denying relief pending appeal calls her standing into doubt, this Court is the appropriate forum for new evidence and argument on that issue.

---

[1] Page numbers refer to ECF page numbers.

Similarly, the State's argument that this Court should ignore the new and judicially noticeable evidence also fails. *Cf.* Opp'n 5 & n.1. This Court has discretion to supplement the record on appeal, including by taking judicial notice. *Lowry v. Barnhart*, 329 F.3d 1019, 1024–25 (9th Cir. 2003). Parent 7A properly filed a motion for judicial notice, and the State did not file a response opposing it. *See generally* Dkt. 48.1. This Court should grant that motion and take judicial notice of the Board's resolution and its lawsuit challenging AB 1955.

## B. Parent 7A is Suffering Injury-in-Fact.

The State is also wrong in arguing that Parent 7A "cannot clearly show that she will suffer an injury in fact." *Cf.* Opp'n 12. Indeed, Parent 7A's declaration demonstrates that she is *currently* suffering an injury in fact because "the school doesn't share any information" with Parent 7A about her daughter's gender identity. 3-ER-384 ¶ 19. The State nonetheless contends that Parent 7A cannot be injured because "she has been informed of her child's gender identity." Opp'n 12. But that argument rests on the flawed assumption that Parent 7A's child has a fixed "transgender identity"—and therefore that no further information is necessary. *See id.* On the contrary, gender identity and gender

3

expression are subject to change. *See, e.g.*, 4-ER-673; 3-ER-432–40. Parent 7A's knowledge of her daughter's *past* struggles thus provides no insight into whether and how her daughter is *currently* exhibiting symptoms of gender-related distress in school. In any event, information about current symptoms, whether new or continuing, is plainly relevant to Parent 7A's ability to seek help or otherwise care for her child. For all those reasons, the school's refusal to "share any information" about her daughter's gender identity is an ongoing injury to Parent 7A. 3-ER-384 ¶ 19.

Moreover, the State misstates the evidence in contending that "Parent 7A's declaration confirms that officials at her child's school have communicated openly and regularly about her child's gender identity and gender expression." Opp'n 13. On the contrary, Parent 7A testified that "the school doesn't share any information with me" regarding her daughter's gender identity. 3-ER-384 ¶ 19. That the school changed Parent 7A's daughter's name on school records without Parent 7A's permission or knowledge, and then began using that male name without any prior notice to Parent 7A, is the opposite of "open[]" communication. *Cf.* Opp'n 13; *see, e.g.*, 3-ER-382 ¶ 9 (school announced daughter with

male name at eighth grade graduation without prior notice to Parent 7A); *id.* ¶ 11 (Parent 7A discovered that daughter's name was changed in school records after applying for reduced price lunch using daughter's legal name). And again, because gender identity and gender expression are not fixed, 4-ER-673; 3-ER-432–40, past communications do not erase the current and ongoing injuries to Parent 7A caused by the school's refusing to share information on her daughter's gender identity and gender expression going forward. *See* 3-ER-384 ¶ 19.

As Parent 7A's declaration shows, she "need[s] to know what's going on in [her] daughter's life so [she] can get her the help she needs[,]" *id.* ¶ 20, including by providing relevant information to her daughter's therapist. *See id.* ¶ 18. But the school refuses to "share any information" with Parent 7A. *Id.* ¶ 19. This is more than sufficient showing of injury.

## C. Parent 7A's Injury is Caused by AB 1955 and Would Be Redressed by a Preliminary Injunction.

The State further maintains that Parent 7A has not shown causation and redressability because the Orange County Board of Education has not yet "turned [its] views into binding policy." Opp'n 8. But AB 1955 *prohibits* the Board from doing just that. *See* AB 1955, §§ 5 & 6 (adding Cal. Educ. Code §§ 220.3 & 220.5). And the Supreme Court

recently held that a plaintiff need not "introduce evidence . . . from directly regulated third parties to show how third parties would likely respond to a government regulation or invalidation thereof." *Diamond Alternative Energy, LLC v. EPA*, 606 U.S. 100, 120–21 (2025). Rather, as the Court explained, "to show redressability, the plaintiff must simply 'show a predictable chain of events' that would likely result from judicial relief and redress the plaintiff's injury." *Id.* at 121 (citation omitted). Parent 7A has done so here.

The Board's public resolution condemning AB 1955's infringement of parental rights is clear. *See* Dkt. 48.1 at 8–9. So is the Board's position set forth in its lawsuit challenging AB 1955. *See id.* at 37–38 ¶¶ 87–93. Indeed, the Board alleged in its Amended Complaint that:

> [T]he First and Fourteenth Amendments preclude the government—namely, public school teachers and other employees—from withholding information from parents regarding changes to their child's gender identity or expression. By requiring District Plaintiffs to adhere to AB 1955's prohibition of adopting policies that tell all parents information to which those parents are entitled under the U.S. Constitution, District Plaintiffs would be required to violate the oaths their members took to defend and uphold the Constitution.

*Id.* at 37 ¶ 91. In other words, the Board's position is that the Constitution *requires* its members to adopt policies requiring disclosure

to parents, but that AB 1955 prevents them from doing so. *See id.* Accordingly, the "predictable chain of events" if preliminary relief is granted and AB 1955 is enjoined is therefore that the Board "would employ mandatory reporting policies or directives concerning gender identity or gender expression," Dkt. 42.1 at 7. That would redress Parent 7A's injury.

The State's argument in the alternative—that Parent 7A has not shown that the Board's likely adoption of a mandatory disclosure policy or directive would affect her or her child—fares no better. *See* Opp'n 9–10. Parent 7A's daughter attends public school in Orange County. 3-ER-381 ¶ 5. Under the California Education Code, the Board may "[a]dopt rules and regulations governing the administration of the office of the county superintendent of schools." Cal. Educ. Code § 1042(a). And the county superintendent of schools is required to "[s]uperintend the schools of that county." *Id.* § 1240(a). In other words, the Board adopts regulations governing the county superintendent of schools, and the county superintendent of schools in turn oversees and directs the schools. *See Superintend,* Merriam-Webster Dictionary, https://tinyurl.com/ywjx4nbe (last visited Nov. 23, 2025) (defining "superintend" to mean "to

7

have or exercise the charge and oversight of: direct"). And, as the State acknowledged in a footnote, Board attorney Greg Rolen stated during a public meeting that the Board *has* "[o]n previous occasions . . . offered an administrative regulation to execute on the board policy that would inform staff on how to execute our policies." *See* Opp'n 8 n.5 (quoting Tr. Orange Cnty. Bd. of Educ. Mtg. at 50 (Jan. 4, 2023), https://tinyurl.com/4jrt2vp6). Thus, the Board's likely adoption of a mandatory disclosure policy or directive would redress Parent 7A's injuries by preventing schools in Orange County from withholding information relating to gender identity from parents, including Parent 7A. But AB 1955 currently prevents the adoption of such a policy.

Finally, the State's argument that Parent 7A's injuries are attributable to third parties, and not to AB 1955, ignores this Court's September 12, 2025 order. *See* Opp'n 11. There the Court held that, "to make a showing that a future failure to report such information to a parent is fairly traceable to AB 1955, Plaintiffs-Appellants would need to present evidence indicating that, in the absence of AB 1955's prohibition on mandatory policies or directives, such information would otherwise be disclosed to them." Dkt. 42.1 at 6. The evidence presented shows that, in

8

AB 1955's absence, the Board *would* likely take steps to prevent its public school employees from withholding from parents information "regarding changes to their child's gender identity or gender expression." Dkt. 48.1 at 37 ¶ 91. In the absence of AB 1955, the predictable outcome is that Parent 7A's school would not have the discretion to withhold information from her. Thus, Parent 7A has shown that her ongoing injuries are fairly traceable to AB 1955 and redressable by an injunction of the Challenged Provisions as to her.

## CONCLUSION

Parent 7A has shown a sufficient likelihood of standing, and a preliminary injunction should be entered enjoining the Challenged Provisions of AB 1955 as to Parent 7A until this Court has resolved Parents' pending appeal.

Dated: November 25, 2025

Michael J. Vigliotta
  City Attorney
OFFICE OF THE CITY ATTORNEY
2000 Main Street, P.O. Box 190
Huntington Beach, CA 92648
Telephone: (714) 536-5555

*Counsel for Plaintiff-Appellant*
*City of Huntington Beach,*
*a California Charter City,*
*and Municipal Corporation*

Respectfully submitted,

*/s/ Gene C. Schaerr*
Gene C. Schaerr
  *Counsel of Record*
Stephanie L. Freudenberg
Justin A. Miller
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
gschaerr@schaerr-jaffe.com

Donald M. Falk
SCHAERR | JAFFE LLP
One Embarcadero Center
Suite 1200
San Francisco, CA 94111
(415) 562-4942

Nicholas Barry
Ian Prior
AMERICA FIRST LEGAL
FOUNDATION
611 Pennsylvania Ave. S.E., #231
Washington, DC 20003
Telephone: (202) 964-3721

*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE

1.   This motion complies with the type-volume limitation of Circuit Rules 27-1(1)(d) and 32-3(2) because:

☒   this brief contains 1,768 words, excluding the parts of the brief exempted by Fed. R. App. P. 27(a)(2)(B) and 32(f), *or*

☐   this brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

☒   this brief has been prepared in a proportionally spaced typeface using <u>Microsoft Word 365</u> in <u>14-point Century Schoolbook</u>, *or*

☐   this brief has been prepared in a monospaced spaced typeface using (state name and version of word processing program) _____ with (state number of characters per inch and name of type style) _____ _____ _____.

*/s/ Gene C. Schaerr*
Gene C. Schaerr

*Counsel for Plaintiffs-Appellants*
