UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 19 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CITY OF HUNTINGTON BEACH, ET AL., | No. 25-3826 |
| Plaintiffs-Appellants, | |
| v. | D.C. No. 8:24-cv-02017-CBM-JDE Central District of California, Santa Ana |
| GAVIN NEWSOM, ET AL., | |
| Defendants-Appellees. | ORDER |

Before:  COLLINS, LEE, and KOH, Circuit Judges.

Before the court is Plaintiffs-Appellants' "Renewed Motion for Preliminary Injunction Pending Appeal, Only as to Parent 7A" (Dkt. 49), and their accompanying motion for judicial notice (Dkt. 48).  On September 12, 2025, we denied Plaintiffs-Appellants' previous motion for an injunction pending appeal, concluding that they had failed to make a sufficient showing of Article III standing.  *See* Dkt. 42.  Specifically, we held that Plaintiffs-Appellants had failed to adequately show that their asserted "future injuries are fairly traceable to AB 1955 and would be redressed by a decision invalidating AB 1955 in whole or in part."  *Id*. at 5.  In the instant motion, Plaintiff-Appellant 7A, whose child attends high school in an unspecified school district in Orange County, asserts that she has now "fill[ed] th[e] gap" identified in our prior order.  We disagree and deny the

motion.[1]

As explained in our prior order, Plaintiffs-Appellants had "not presented any evidence in support of their motion suggesting that, in the absence of AB 1955, *their school districts* would employ mandatory reporting policies or directives concerning gender identity or gender expression." Dkt. 42 at 7 (emphasis added). We specifically noted that Plaintiff 7A had failed to identify which of the multiple school districts within Orange County was the one in which her child was enrolled and that Plaintiff 7A therefore had failed to make any showing that the relevant school district or school would employ mandatory reporting policies or directives in the absence of AB 1955. *Id*. In the materials submitted with the current pending motions, Plaintiff 7A still has not identified the relevant school district and still has not made any showing as to what that school district's or school's policies or directives would be in the absence of AB 1955.

Instead, Plaintiff 7A contends that evidence concerning certain policy

---

[1] As Defendants-Appellees note, Plaintiffs-Appellants failed to present their renewed motion to the district court, as is "ordinarily" required under Federal Rule of Appellate Procedure 8(a)(1). *See also* FED. R. APP. P. 8(a)(2)(A) (stating that a motion in this court must show either what action the district court took on a motion for such relief or that a motion in that court "would be impracticable"). However, in the unique circumstances of this case, in which the dispositive issue (Plaintiff 7A's Article III standing) is a narrow *jurisdictional* issue that we have the authority to readily resolve ourselves with reference to our prior order, we conclude that it would entail pointless delay to require Plaintiffs-Appellants to first present their renewed motion to the district court.

statements and actions of the *Orange County Board of Education* suffices to make the requisite showing of fair traceability and redressability. But Plaintiff 7A has made no showing that the Orange County Board of Education possesses the authority, under California law, to impose a mandatory reporting policy on the various school districts within Orange County, each of which has its own governing board. *Cf. San Jose Unified Sch. Dist. v. Santa Clara Cnty. Off. of Educ.*, 213 Cal. Rptr. 3d 241, 244–53 (Ct. App. 2017) (noting that, except in certain circumstances, a county board of education does not count as the "governing board of a school district"). Plaintiff 7A relies on the county superintendent of schools' general authority to "[s]uperintend the schools of that county," *see* CAL. EDUC. CODE § 1240(a), but she points to no California authority—and we are aware of none—that would support the view that this provision grants a county superintendent or a county board of education the power to displace the relevant authority of a local school district board or superintendent with respect to the types of matters at issue here. Absent such a showing, Plaintiff 7A's proffered evidence concerning the Orange County Board of Education's policy statements and its participation in litigation fails to make any showing that, absent AB 1955, her child's particular school or school district would operate under a mandatory disclosure policy or issue any directives requiring disclosure.

Accordingly, we deny Plaintiffs-Appellants' renewed motion for preliminary

3

injunction pending appeal (Dkt. 49) and their accompanying motion for judicial notice (Dkt. 48).[2]

---

[2] Judge Lee would deny the motion because it should have been first raised in the district court.  FED. R. APP. P. 8(a)(1)(C) ("A party must ordinarily move first in the district court for . . . an order suspending, modifying, restoring, or granting an injunction while an appeal is pending").