No. 25-3826

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

CITY OF HUNTINGTON BEACH, *et al.*,
    *Plaintiffs-Appellants*,

v.

GAVIN NEWSOM, *et al.*,
    *Defendants-Appellees*.

**On Appeal from the United States District Court
for the Central District of California**
No. 8:24-cv-02017-CBM (JDEx)
Hon. Consuelo B. Marshall, District Judge

**DEFENDANTS-APPELLEES' SUPPLEMENTAL BRIEF**

ROB BONTA
  *Attorney General of California*
SAMUEL T. HARBOURT
  *Solicitor General of California*
HELEN H. HONG
  *Principal Deputy Solicitor General*
CHERYL L. FEINER
  *Senior Assistant Attorney General*
JOSHUA A. KLEIN
  *Supervising Deputy Solicitor General*

JULIE VEROFF
  *Deputy Solicitor General*
DARRELL W. SPENCE
  *Supervising Deputy Attorney General*
JENNIFER A. BUNSHOFT
KEVIN L. QUADE
  *Deputy Attorneys General*

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
(415) 510-3776
Julie.Veroff@doj.ca.gov
  *Attorneys for Defendants-Appellees*

March 13, 2026

# TABLE OF CONTENTS

**Page**

Introduction ................................................................................................ 1

Statement .................................................................................................... 2

Argument .................................................................................................... 3

Conclusion ................................................................................................ 10

# TABLE OF AUTHORITIES

Page

**CASES**

*City & Cnty. of San Francisco v. Garland*, 42 F.4th 1078 (9th Cir. 2022) ............................................................................................. 8, 9

*City of Huntington Beach v. Newsom*, No. 25-337 (cert. denied Feb. 23, 2026) ........................................................................................... 4

*City of S. Lake Tahoe v. Cal. Tahoe Reg'l Plan. Agency*, 625 F.2d 231 (9th Cir. 1980) ................................................................................... 4

*Crawford v. Bell*, 599 F.2d 890 (9th Cir. 1979) ............................................ 8

*Diamond Alternative Energy, LLC v. EPA*, 606 U.S. 100 (2025) .................... 5

*Mirabelli v. Bonta*, 2026 WL 44874 (9th Cir. Jan. 5, 2026) ........................... 3

*Mirabelli v. Bonta*, 607 U.S. __, 2026 WL 575049 (U.S. 2026) ....... 1, 3, 5, 6, 9

*Mirabelli v. Olson*, 2025 WL 3713588 (S.D. Cal. Dec. 22, 2025) ............ 2, 3, 7

*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999) .................................. 6

*Washington v. Trump*, 145 F.4th 1013 (9th Cir. 2025) .................................. 8

**OTHER AUTHORITIES**

Cal. Dep't of Justice, *Legal Alert: Forced Disclosure Policies*, OAG-2024-02 (Jan. 11, 2024), https://tinyurl.com/5ahvubyz ..................... 4

## INTRODUCTION

On March 3, 2026, this Court ordered the parties to file simultaneous supplemental briefs addressing the impact, if any, of the Supreme Court's emergency docket decision in *Mirabelli v. Bonta*, No. 25A810, 607 U.S. __, 2026 WL 575049 (U.S. Mar. 2, 2026), on the issues presented in this case. *See* Dkt. 54. As explained below, that decision does nothing to disturb the arguments advanced in defendants' answering brief that the City of Huntington Beach lacks standing under longstanding circuit precedent and that the parent plaintiffs have failed to adequately allege—let alone demonstrate—that the future injuries they assert are fairly traceable to AB 1955 and would be redressed by a decision invalidating AB 1955. *See* Dkt. 26 at 15-17, 29-35.

*Mirabelli* also introduces additional justiciability problems into this case. The Supreme Court's order in *Mirabelli* effectively affords the parent plaintiffs the relief they seek. Because plaintiffs can obtain relief under the expansive class-wide permanent injunction in *Mirabelli*, any remaining controversy in this case is purely academic. If the Court does not affirm dismissal for lack of standing, the Court should thus hold this case in abeyance pending final resolution of *Mirabelli*. If the *Mirabelli* injunction remains in place, the Court can affirm dismissal on justiciability grounds. Finally, if the Court concludes that it has jurisdiction to

1

reach the merits, the reasoning in the Supreme Court's opinion supports dismissal of plaintiffs' substantive due process claims.

## STATEMENT

As the Court is aware from briefing and argument, this case involves a challenge by the City of Huntington Beach and a group of parents to Sections 5 and 6 of California's Assembly Bill 1955. *See, e.g.*, Dkt. 26 at 8-9. The parents allege that Sections 5 and 6, as related to gender identity and gender expression, violate their substantive due process rights and impose an unconstitutional condition on access to public education; the City alleges a Declaratory Judgment Act claim. *Id.* at 8. The "two challenged provisions only prohibit *mandatory* reporting policies or directives." Dkt. 42 at 6. They do not "forbid[] a school employee from deciding to disclose such information to a parent in a given case, even without the child's consent." *Id.* Nor do they "forbid a school district from adopting a policy that employees *may* elect to make such disclosures." *Id.*

*Mirabelli*, by contrast, does not involve a challenge to AB 1955. *See Mirabelli v. Olson*, 2025 WL 3713588, at *4 (S.D. Cal. Dec. 22, 2025) ("this case is not about the recently enacted California Assembly Bill 1955"). Rather, the parent and teacher plaintiffs in that action challenged various *other* state laws—including the Privacy Clause of the California Constitution, Cal. Const. art. I, § 1—on substantive due process, free exercise, and free speech grounds. *See* 2025

2

WL 3713588, at *1, 3-4. After the district court certified the case as a class action, granted summary judgment to the plaintiffs, and ordered a class-wide permanent injunction, a panel of this Court granted the defendants' motion for a stay pending appeal. *See Mirabelli v. Bonta*, 2026 WL 44874 (9th Cir. Jan. 5, 2026). The plaintiffs then filed an emergency application to vacate the stay with the Supreme Court, which granted the application with respect to the parents' claims and denied the application with respect to the teachers' claims. *See Mirabelli*, 607 U.S. at __, 2026 WL 575049, at *3. In a per curiam opinion, the Supreme Court accepted the plaintiffs' characterization of the challenged state policies as "conceal[ing] . . . information from parents" and "facilitat[ing] a degree of gender transitioning during school hours." *Id.* at *3; *see also id.* *1-2. Applying the four-factor test governing stay applications, the Supreme Court explained that it had concluded that the parent plaintiffs likely have standing and are likely to succeed on their free exercise and substantive due process claims. *Id.* at *2-3. But it did not make a final determination as to those questions. *See id.* at *4 (Barrett, J., concurring) ("The word 'likely' is important, because it reflects that our assessment is preliminary.").

## ARGUMENT

1. a. There is no political subdivision plaintiff in *Mirabelli*, so the Supreme Court's per curiam opinion in *Mirabelli* does nothing to disturb the conclusion that

3

the City of Huntington Beach lacks standing under longstanding circuit precedent. *See, e.g., City of S. Lake Tahoe v. Cal. Tahoe Reg'l Plan. Agency*, 625 F.2d 231, 233-234 (9th Cir. 1980); *see also* Dkt. 26 at 15-17. Indeed, the Supreme Court recently denied a petition for certiorari filed by the City in another case presenting the question whether political subdivisions have standing to sue their parent State in federal court on federal constitutional grounds. *See City of Huntington Beach v. Newsom*, No. 25-337 (cert. denied Feb. 23, 2026).

b. The Supreme Court's per curiam opinion also does nothing to disturb the conclusion that the parent plaintiffs here lack standing. The California Constitution's Privacy Clause—the central state law at issue in *Mirabelli*—operates differently from AB 1955. Whereas AB 1955 does not "forbid[] a school employee from deciding to disclose" a student's gender identity or gender expression "to a parent in a given case," Dkt. 42 at 6, the Privacy Clause would in some circumstances prohibit school officials from disclosing information about a student's gender identity to a parent.[1]

---

[1] In describing the scope of state privacy protections, this brief relies on interpretations of state law previously announced by the Attorney General. California's appellate courts have not had occasion to address the application of privacy rights under the state constitution in this context. *See* Cal. Dep't of Justice, *Legal Alert: Forced Disclosure Policies*, OAG-2024-02 (Jan. 11, 2024), https://tinyurl.com/5ahvubyz (Legal Alert) (explaining Attorney General's position that minors have a constitutionally protected privacy interest under state law in information about their gender identity and that such information may not be

(continued…)

In holding that the parent class members likely had standing in *Mirabelli*, the Supreme Court pointed to its recent decision in *Diamond Alternative Energy, LLC v. EPA*, 606 U.S. 100 (2025). *See* 607 U.S. at __, 2026 WL 575049, at *3. In *Diamond*, 606 U.S. at 120, "commonsense economic inferences" and other evidence made it "sufficiently 'predictable' that invalidating [the challenged] regulations would likely redress the [plaintiffs'] injury."

That is not the case here. As this Court has recognized on multiple occasions, *see* Dkt. 42 at 6; Dkt. 53 at 1-2, "causation and redressability" in this action "depend on how regulated third parties not before the court will act in response to the government regulation or judicial relief," *Diamond*, 606 U.S. at 112.[2] Specifically, as this Court has already instructed, to establish causation and redressability, parent plaintiffs must "present evidence indicating that, in the absence of AB 1955's prohibition on mandatory policies or directives, such information would otherwise be disclosed to them"—that is, "in the absence of AB

---

disclosed where (1) the particular minor has a reasonable expectation of privacy in the particular circumstances, and (2) no compelling interest justifies disclosure).

[2] In cases in which the relevant standing analysis turns on predictions about the actions of third parties not before the court, it cannot fairly be said that the plaintiffs are "objects of" the challenged law. *Contra Mirabelli*, 607 U.S. at __, 2026 WL 575049, at *3 (stating that parent plaintiffs were "objects of the challenged policies"); *cf. Diamond*, 606 U.S. at 114 (observing that plaintiffs "might be considered an object of the [challenged] regulations," and if so, there would be "little question" that causation and redressability requirements would be satisfied).

5

1955, their school districts would employ mandatory reporting policies or directives concerning gender identity or gender expression." Dkt. 42 at 6-7. Plaintiffs have not made that showing. *See* Dkt. 42 at 7; Dkt. 53 at 2; *see also* Dkt. 26 at 29-35.

2. Apart from standing, this case now involves additional justiciability problems. The Supreme Court's order reinstated the *Mirabelli* injunction as to the parent class, which broadly extends to all parents of California public-school students "who object to the challenged policies." *Mirabelli*, 607 U.S. at __, 2026 WL 575049, at *3. Because the parent plaintiffs here are members of that class and can obtain effective relief under the *Mirabelli* injunction, there is not currently any need for the Court to expend further judicial resources in resolving this case. If the Court is not prepared to dismiss based on standing at this juncture, the Court should hold the case in abeyance pending a final decision in *Mirabelli* and then order dismissal on either standing grounds or the grounds discussed below. *See generally Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999) (courts may resolve threshold justiciability issues in any order).

The parent plaintiffs in this action want to know if their children display symptoms of gender dysphoria at school, and they want to provide their consent before a school official uses a name and pronouns requested by their children. *See, e.g.*, 4-ER-643, 4-ER-694, 4-ER-698-701. The parents filed this lawsuit for

6

injunctive relief to prevent the Attorney General and the State Superintendent of Public Instruction from interfering in their ability to do so. 4-ER-660. Now, under the terms of the *Mirabelli* injunction, if a parent asks their child's teacher whether their child is expressing symptoms of gender dysphoria at school, or directs that a teacher must only use their child's legal name and pronouns, the defendants here cannot enforce or implement state law in any way that would prevent the teacher from providing the requested information or from using the child's legal name and pronouns. *See Mirabelli v. Olson*, No. 3:23-cv-00768, Dkt. 308 (S.D. Cal. Dec. 22, 2025).[3] Because the class certified in *Mirabelli* includes the parent plaintiffs here, *see id.*, Dkt. 286 at 13 (S.D. Cal. Oct. 15, 2025), plaintiffs can obtain the practical relief they seek under the *Mirabelli* injunction.

There are two ways to think about the justiciability-related consequences of the Supreme Court's decision to allow the *Mirabelli* injunction to take effect in

---

[3] Specifically, the *Mirabelli* injunction prohibits the defendants in this action from implementing or enforcing "any . . . provision of California law" that would "permit or require any employee in the California state-wide education system [to] mislead[] the parent or guardian of a minor child in the education system about their child's gender presentation at school"; "permit or require any employee in the California state-wide education system to use a name or pronoun to refer to that child that do not match the child's legal name and natal pronouns, where a child's parent or legal guardian has communicated their objection to such use"; "or in any way interfere with a" school official "from communicating to parents that his, her, or their child has manifested a form of gender incongruity such as changing preferred names or pronouns." *Mirabelli v. Olson*, No. 3:23-cv-00768, Dkt. 308 at 1-2 (S.D. Cal. Dec. 22, 2025).

relevant part. Either leads to the same result. First, "[a] court may choose not to exercise its jurisdiction when another court having jurisdiction over the same matter has entertained it and can achieve the same result." *Washington v. Trump*, 145 F.4th 1013, 1025 (9th Cir. 2025) (quoting *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979)). The Court recently applied that principle in a case where a class-wide injunction granted in another case afforded plaintiffs their requested relief. *Id.* at 1025-1026. The same principle applies here: the class-wide injunction in *Mirabelli* affords plaintiffs all practical relief. And while *Mirabelli* is not yet final, the injunction in that case is currently in effect with respect to the parents' claims pending appeal. If the *Mirabelli* injunction is later overturned on appeal, the Court could proceed to resolve the issues presented in the parties' briefing here. Until that time, however, there is no practical need for the case's resolution and it would be appropriate for the Court to hold it in abeyance.

Second, "[i]ntervening judicial decisions may moot a case if they effectively end the live controversy and grant the parties the relief sought." *City & Cnty. of San Francisco v. Garland*, 42 F.4th 1078, 1087-1088 (9th Cir. 2022). As discussed above, the class-wide injunction in *Mirabelli* grants parent plaintiffs here "the relief sought." *Id.* at 1088. If the *Mirabelli* injunction is later overturned, there could theoretically be some need to resolve this case. For now, however,

there is not. And if the injunction ultimately remains in place in relevant part, dismissal would be appropriate. *See id.* at 1086-1088.

3. Finally, although the Court need not and should not reach the merits in this case, in the event it does so, the *Mirabelli* per curiam opinion would support the dismissal of plaintiffs' substantive due process claims. The per curiam stated that parents likely have a substantive due process right "not to be shut out of participation in decisions regarding their children's mental health." 607 U.S. at __, 2026 WL 575049, at *3. And it held that policies that "conceal" from parents the information that a child has "exhibit[ed] symptoms of gender dysphoria at school" and "facilitate a degree of gender transitioning during school hours" likely violate that right. *Id.* AB 1955 does not implicate or infringe any such right. As this Court has recognized, AB 1955 does not "forbid[] a school employee from deciding to disclose such information to a parent in a given case," nor does it "forbid a school district from adopting a policy that employees *may* elect to make such disclosures." Dkt. 42 at 6. A prohibition on "*mandatory* reporting policies or directives," *id.*, which is all that the challenged sections of AB 1955 involve, is simply not a requirement that parents be "shut out of" any "decisions regarding their children's mental health," 607 U.S. at __, 2026 WL 575049, at *3.

9

## CONCLUSION

For the reasons explained above and in defendants' answering brief, *see* Dkt. 26, the Court should either affirm the district court's dismissal for lack of standing now or hold the appeal in abeyance pending final resolution of *Mirabelli* and then affirm the district court's dismissal.

Dated: March 13, 2026　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*s/ Julie Veroff*

　　　　　　　　　　　　　　　　　　　ROB BONTA
　　　　　　　　　　　　　　　　　　　　*Attorney General of California*
　　　　　　　　　　　　　　　　　　　SAMUEL T. HARBOURT
　　　　　　　　　　　　　　　　　　　　*Solicitor General*
　　　　　　　　　　　　　　　　　　　HELEN H. HONG
　　　　　　　　　　　　　　　　　　　　*Principal Deputy Solicitor General*
　　　　　　　　　　　　　　　　　　　CHERYL L. FEINER
　　　　　　　　　　　　　　　　　　　　*Senior Assistant Attorney General*
　　　　　　　　　　　　　　　　　　　JOSHUA A. KLEIN
　　　　　　　　　　　　　　　　　　　　*Supervising Deputy Solicitor General*
　　　　　　　　　　　　　　　　　　　JULIE VEROFF
　　　　　　　　　　　　　　　　　　　　*Deputy Solicitor General*
　　　　　　　　　　　　　　　　　　　DARRELL W. SPENCE
　　　　　　　　　　　　　　　　　　　　*Supervising Deputy Attorney General*
　　　　　　　　　　　　　　　　　　　JENNIFER A. BUNSHOFT
　　　　　　　　　　　　　　　　　　　KEVIN L. QUADE
　　　　　　　　　　　　　　　　　　　　*Deputy Attorneys General*

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants-Appellees*

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** 25-3826

I am the attorney or self-represented party.

**This brief contains 2,335 words,** including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  [ ] it is a joint brief submitted by separately represented parties.
  [ ] a party or parties are filing a single brief in response to multiple briefs.
  [ ] a party or parties are filing a single brief in response to a longer joint brief.

[X] complies with the length limit designated by court order dated 03/03/2026.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/ Julie Veroff          **Date** 03/13/2026
*(use "s/[typed name]" to sign electronically-filed documents)*