No. 25-3826

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

CITY OF HUNTINGTON BEACH, a California Charter City, and Municipal Corporation; PARENT, 1A, 2A, 3A, 4A, 5A, 6A, 7A, 8A, 9A, 10A,

*Plaintiffs-Appellants,*

v.

GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROB BONTA, in his official capacity as Attorney General of the State of California; TONY THURMOND, in his official capacity as California State Superintendent of Public Instruction,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Central District of California
No. 8:24-cv-02017-CBM-JDE (Hon. Consuelo B. Marshall)

## SUPPLEMENTAL BRIEF FOR THE APPELLANTS

Michael J. Vigliotta
 City Attorney
OFFICE OF THE CITY ATTORNEY
2000 Main Street, P.O. Box 190
Huntington Beach, CA 92648
Telephone: (714) 536-5555
mvigliotta@surfcity-hb.org

*Counsel for Plaintiff-Appellant
City of Huntington Beach,
a California Charter City, and
Municipal Corporation*

***Additional counsel on next page**

Gene C. Schaerr
Stephanie L. Freudenberg
Justin A. Miller
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
gschaerr@schaerr-jaffe.com

Donald M. Falk
SCHAERR | JAFFE LLP
One Embarcadero Ctr., Ste. 1200
San Francisco, CA 94111
Telephone: (415) 562-4942

*Counsel for Plaintiffs-Appellants*

Nicholas Barry
Ian Prior
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave. S.E., #231
Washington, DC 20003
Telephone: (202) 964-3721

*Counsel for Plaintiffs-Appellants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ii

INTRODUCTION ........................................................................................ 1

ARGUMENT ............................................................................................... 4

I.    The *Mirabelli* Order Demonstrates That Parent Plaintiffs Have Standing To Challenge AB 1955 ........................................ 4

II.   The *Mirabelli* Order Demonstrates That Parent Plaintiffs Have Alleged And Shown That The Challenged Provisions Violate Their Fundamental Rights. ............................................ 8

III.  The *Mirabelli* Order Demonstrates That The Challenged Provisions Cannot Survive Strict Scrutiny ............................... 10

IV.  Parent Plaintiffs' Claims Are Not Redressed By The *Mirabelli* Injunction ................................................................... 11

V.   The *Mirabelli* Order Supports A Preliminary Injunction ........ 12

CONCLUSION .......................................................................................... 14

CERTIFICATE OF COMPLIANCE ........................................................ 16

# TABLE OF AUTHORITIES

**Cases**                                                    **Page(s)**

*Diamond Alternative Energy, LLC v. EPA,*
606 U.S. 100 (2025) ....................................................................... 4

*Lujan v. Defs. of Wildlife,*
504 U.S. 555 (1992) ....................................................................... 4

*Meyer v. Nebraska,*
262 U.S. 390 (1923) ....................................................................... 8

*Mirabelli v. Bonta,*
607 U.S. --, 2026 WL 575049 (2026) .............. 1, 2, 3, 4, 6, 7, 8, 9, 10, 13

*Mirabelli v. Olson,*
-- F. Supp. 3d --, 2025 WL 3713588 (S.D. Cal. 2025) .......................... 11

*Mirabelli v. Olson,*
No. 3:23-CV-0768-BEN-VET, 2025 WL 3712993
(S.D. Cal. Dec. 22, 2025) ............................................................... 11

*Parham v. J.R.,*
442 U.S. 584 (1979) ................................................................ 2, 4, 8

*Pierce v. Soc'y of Sisters,*
268 U.S. 510 (1925) ....................................................................... 8

*Troxel v. Granville,*
530 U.S. 57 (2000) ........................................................................ 10

**Statutes**

Assemb. Bill 1955, 2024 Cal. Stat., ch. 95, §2 ........................................ 5

Cal. Educ. Code §220.3 ............................................................ 1, 6, 9, 12

Cal. Educ. Code §220.5 ............................................................ 1, 6, 9, 12

## INTRODUCTION

In *Mirabelli v. Bonta*, the Supreme Court vacated a Ninth Circuit order staying a district court's permanent injunction of California policies that "permitted disclosure of a student's gender transitioning at school only if the student consented." 607 U.S. --, 2026 WL 575049, *1 (2026) (per curiam). In this case, the Challenged Provisions of Assembly Bill 1955 ("AB 1955"), like those policies in *Mirabelli*, permit state actors to limit disclosures to parents regarding gender-related information unless the student consents or some other law requires disclosure. *See* Cal. Educ. Code §§220.3, 220.5. The Challenged Provisions achieve the same effect—their stated purpose—by making it impossible to compel those disclosures, whether by policy, agreement with affected parents, or directive by a school administrator. In doing so, the Challenged Provisions here—like the policies in *Mirabelli*—usurp parental authority in favor of state actors. Because such closely similar rights and restrictions are at issue, the Supreme Court's order in *Mirabelli* provides a roadmap for the proper disposition of this case.

*First*, the Supreme Court held that the *Mirabelli* parents "very likely" had standing *solely* "because they are objects of the challenged

exclusion policies." 2026 WL 575049, *3. In contrast with this Court's interim orders, Dkts. 42.1 & 53.1, the Court did not additionally require parents to show that their children will actually suffer gender confusion issues or that schools will conceal information from them because of the challenged policies. *See Mirabelli,* 2026 WL 575049, *3. Because Parent Plaintiffs here are among the objects of the Challenged Provisions, they have standing.

*Second*, the Court held that the policies in *Mirabelli* "likely violate parents' rights to direct the upbringing and education of their children" because they permit state actors to conceal mental health information from parents and interfere with parents' involvement in "decisions regarding their children's mental health." *Id.* (citing *Parham v. J.R.*, 442 U.S. 584, 602 (1979)). The Challenged Provisions here similarly transfer decision-making authority over children's mental health from parents to state actors, and violate the same parental rights recognized in *Mirabelli*.

*Third*, the Court held that the policies in *Mirabelli* were unlikely to satisfy strict scrutiny because they are not narrowly tailored in furtherance of a compelling interest. *Id.* Here the State advances nearly

2

identical arguments to defend the Challenged Provisions as they advanced in *Mirabelli*—arguments that fail here for the same reasons.

*Fourth*, the Court held that the requirements for an injunction were met because violating parents' constitutional rights is an irreparable harm and the balance of equities favors the involvement of fit parents in "some of the most consequential decisions in their children's lives." *Id.* The same considerations favor a preliminary injunction against the Challenged Provisions here.

Although the *Mirabelli* order reinstating the injunction in that case was necessarily phrased in terms of the plaintiffs' "likely" success subject to appeal, *id.* at *2-3; *see id.* at *3-4 (Barrett, J., concurring), there was nothing tentative about the Court's discussion of the governing legal precedents or their application to the facts as they currently stand in that case. Accordingly, this Court should follow *Mirabelli* and reverse the district court's orders with instructions to preliminarily enjoin the Challenged Provisions. Also, while this case remains pending, this Court should vacate its earlier orders denying a preliminary injunction pending appeal and enter the requested injunction as to all Plaintiffs with children in public schools.

## ARGUMENT

**I.     The *Mirabelli* Order Demonstrates That Parent Plaintiffs Have Standing To Challenge AB 1955.**

As the Supreme Court previously explained in *Diamond Alternative Energy, LLC v. EPA*, 606 U.S. 100 (2025)—the decision on which the Court relied in *Mirabelli*—"[w]hen a plaintiff is the 'object' of a government regulation, there should 'ordinarily' be 'little question' that the regulation causes injury to the plaintiff and that invalidating the regulation would redress the plaintiff's injuries." *Diamond Alt. Energy,* 606 U.S. at 114 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)); *see Mirabelli*, 2026 WL 575049, at *3. And, because the challenged policies in *Mirabelli* are designed to interfere with parents' "participation in decisions regarding their children's mental health," the Court found standing likely for *all* plaintiffs who are "parents of California public school students" and "object to the challenged policies." 2026 WL 575049, at *3 (citing *Parham*, 442 U.S. at 602; *Diamond Alt. Energy*, 606 U.S. at 114).

The Supreme Court's analysis in *Mirabelli* governs standing here. The Challenged Provisions of AB 1955, like the challenged policies in *Mirabelli*, are designed to interfere with parents' participation in

4

decision-making regarding their children's gender-related mental health: Despite acknowledging that parents "have an important role to play" in their children's lives, the legislative findings in AB 1955 assert that information regarding children's gender "identities" should be "share[d]" with parents only when children "are ready." Assemb. Bill 1955, 2024 Cal. Stat., ch. 95, §2(d); *see also id.* §§2(c) (declaring children should "com[e] out" to their parents "on their own terms"), 2(e) (declaring children should have "conversations" with their parents "when they are ready"). The legislative history of AB 1955 also confirms that its whole point is to keep information about gender dysphoria and related conditions under the control of schools and students, and concealed from parents absent the child's consent. *See, e.g.*, 2-ER-250 (describing laws requiring parental disclosure as "[a]larming"); 3-ER-333 (criticizing policies "requir[ing] teachers to notify parents if their child identifies as transgender" as "forced outing policies"). Because Parent Plaintiffs here are objects of the Challenged Provisions, they have standing to challenge those provisions simply because they have minor children attending

California public schools and object to the Challenged Provisions.[1] *See Mirabelli*, 2026 WL 575049, *3.

To be sure, while the policies in *Mirabelli* "permitted disclosure of a student's gender transitioning at school only if the student consented," *Id.* at *1, the Challenged Provisions also permit disclosure if a teacher voluntarily chooses to disclose to parents or if some other law requires disclosure. *See* Cal. Educ. Code §§220.3, 220.5. But the Challenged Provisions still make teachers the final authority, preventing them from being compelled to provide parents information having an "important bearing on a child's mental health." *Mirabelli*, 2026 WL 575049, *3. Shifting decision-making authority from parents to individual state actors—rather than to the State more broadly—cannot insulate the Challenged Provisions from judicial review. Parents are still the "objects" of the Challenged Provisions.

Moreover, in contrast with this Court's interim orders, the Supreme Court in *Mirabelli* did not require parents to show specifically that their

---

[1] Parent 8A does not currently have a minor child in public school, as she was forced to remove her younger daughter to private school to protect her parental rights after her elder daughter was secretly socially transitioned in school. *See generally* 3-ER-351-400; 4-ER-656-57 ¶¶171-73.

children were at risk of gender confusion or that their children's schools were actually concealing information from them. *See id.* Rather, the Court's analysis begins and ends by stating that plaintiffs who are the "objects" of a State law designed to burden their constitutional rights have demonstrated a sufficient likelihood of present injury-in-fact and redressability to establish standing. *See id.* That analysis overrides this Court's previous assumption that Parent Plaintiffs' injury-in-fact can only be established by a child-specific risk that their children will experience gender confusion and that their children's schools will conceal that information from them. *See* Dkt. 42.1 at 5.

Also, just as it did not matter in *Mirabelli* if children would choose to voluntarily disclose information to their parents, *see* 2026 WL 575049, *3, it also does not matter whether Parent Plaintiffs' schools or school districts would actually mandate disclosure in the absence of the Challenged Provisions. *See* Dkt. 42.1 at 5-7. Because Parent Plaintiffs are objects of the Challenged Provisions, which are designed to interfere with their parental rights, their present injury is both caused by the Challenged Provisions and would be redressed by their invalidation. *See Mirabelli,* 2026 WL 575049, *3.

Accordingly, this Court should hold that Parent Plaintiffs have standing.

## II. The *Mirabelli* Order Demonstrates That Parent Plaintiffs Have Alleged And Shown That The Challenged Provisions Violate Their Fundamental Rights.

On the merits, the *Mirabelli* order demonstrates that the district court improperly dismissed Parent Plaintiffs' substantive due process claims—and that Parent Plaintiffs are likely to succeed on the merits.

The Court affirmed that "parents—not the State—have primary authority with respect to 'the upbringing and education of children.'" *Mirabelli*, 2026 WL 575049, at *3 (citing *Pierce v. Soc'y of Sisters*, 268 U.S. 510, 534-35 (1925); *Meyer v. Nebraska*, 262 U.S. 390, 399-400 (1923)). Moreover, the Court explained that parents, as "the primary protectors of children's best interests," have a substantive due process right "not to be shut out of participation in decisions regarding their children's mental health." *Id.* (citing *Parham*, 442 U.S. at 602). Justice Barrett's concurring opinion, joined by the Chief Justice and Justice Kavanaugh, further explained that "the doctrine of substantive due process has long embraced a parent's right to raise her child, which includes the right to participate in significant decisions about her child's

mental health." *Id.* (Barrett, J., concurring) (collecting cases). Given that, the Court held that policies that conceal a child's "symptoms of gender dysphoria at school" from parents "likely violate parents' rights to direct the upbringing and education of their children." *Id.*

Like the policies in *Mirabelli*, the Challenged Provisions here facilitate concealment from parents of their children's gender dysphoria symptoms. *See* Cal. Educ. Code §§220.3, 220.5. To be sure, AB 1955 takes a slightly different path than the policies in *Mirabelli*, placing the decision to disclose with teachers and outlawing any school policy or other action that would require teachers to keep parents informed about their children's gender-related mental health. *See* Cal. Educ. Code §§220.3, 220.5. But the Challenged Provisions, like the policies in *Mirabelli*, were designed to "cut out the primary protectors of children's best interests." 2026 WL 575049, *3. By usurping parental authority and vesting decision-making authority in children and state actors, the Challenged Provisions violate Parent Plaintiffs' substantive due process rights to direct their children's upbringing.

9

Accordingly, Parent Plaintiffs' allegations are sufficient to survive a motion to dismiss, and the evidence presented demonstrates they are likely to succeed on the merits.

## III. The *Mirabelli* Order Demonstrates That The Challenged Provisions Cannot Survive Strict Scrutiny

The Supreme Court further held that the policies challenged in *Mirabelli* are unlikely to survive strict scrutiny. 2026 WL 575049, *3. Specifically, the Court rejected the State's attempts to advance "a compelling interest in student safety and privacy" because the challenged policies "cut out the primary protectors of children's best interests: their parents." *Id.* (citing *Troxel v. Granville*, 530 U.S. 57, 68-69 (2000) (plurality opinion)). The Court also found the California policies "appear to fail the narrow-tailoring requirement." *Id.*

The State here cites the same safety and privacy interests that they unsuccessfully advanced in *Mirabelli*. *See* Dkt. 26.1 at 52 (arguing for "compelling state interests" of student "safety and well-being" and "protecting students' privacy"). Because the Supreme Court rejected these arguments in the context of similar California policies excluding parents, this Court should hold that the Challenged Provisions likely do not satisfy strict scrutiny.

10

## IV. Parent Plaintiffs' Claims Are Not Redressed By The *Mirabelli* Injunction.

Although the injunction granted to the *Mirabelli* plaintiffs was broad and directed to Defendants here, the district court clarified in its order granting summary judgment that: "To avoid confusion, it is noted that this case is not about the recently enacted California Assembly Bill 1955." *Mirabelli v. Olson*, -- F. Supp. 3d --, 2025 WL 3713588, \*4 (S.D. Cal. 2025), *appeal docketed*, No. 25-8056 (9th Cir. Dec. 23, 2025). Rather, the *Mirabelli* injunction prohibits Defendants "from implementing or enforcing" any California laws, regulations, or guidance in a way that would "permit or require" California public school employees to "*mislead*[]" parents "about their child's gender presentation at school." *Mirabelli v. Olson*, No. 3:23-CV-0768-BEN-VET, 2025 WL 3712993, \*1 (S.D. Cal. Dec. 22, 2025).

Although they have similar goals, the Challenged Provisions of AB 1955 operate differently. Rather than requiring *non*disclosure, which would be prohibited by the *Mirabelli* injunction, the Challenged Provisions here instead *prevent* any requirement that public school employees disclose information regarding children's gender identity, unless the child consents or some other law requires disclosure. *See* Cal.

11

Educ. Code §§220.3, 220.5. In doing so, the Challenged Provisions make state actors, such as school staff, the arbiters of what information is disclosed to parents. Accordingly, the harm the Challenged Provisions pose to Parent Plaintiffs here is not redressed by the *Mirabelli* injunction.

In any event, the State does not concede that the injunction in *Mirabelli* encompasses AB 1955 and renders it unenforceable. The State instead asserts that *Mirabelli* affords some indirect relief because Defendants cannot "prevent" teachers from *choosing* to disclose information to parents. *See* Dkt. 55.1 at 8. But AB 1955 *empowers* school staff with the authority to decide what information parents receive, and forbids any means of compelling disclosure or imposing consequences for nondisclosure. Those restrictions remain in place. Moreover, Plaintiffs' entitlement to relief against AB 1955 should not be tied to the schedule and status of the *Mirabelli* appeal, which could still alter or overturn the injunction under review there.

## V.    The *Mirabelli* Order Supports A Preliminary Injunction.

The Supreme Court's order in *Mirabelli* also requires a finding that the Parent Plaintiffs are irreparably harmed, and that the balance of equities strongly favors a preliminary injunction.

Regarding irreparable harm, *Mirabelli* held that "[t]he denial of plaintiffs' constitutional rights during the potentially protracted appellate process constitutes irreparable harm." 2026 WL 575049, at *3 (citation omitted). So too here, where the Challenged Provisions continue to trench upon Parent Plaintiffs' substantive due process rights while this case is litigated.

As to the balance of equities, *Mirabelli* held that enjoining California's exclusion policies "promotes child safety by guaranteeing fit parents a role in some of the most consequential decisions in their children's lives." *Id.* So too would enjoining the Challenged Provisions here. As in *Mirabelli*, Parent Plaintiffs are not asking for an injunction that would interfere with the State's ability "to shield children from unfit parents by enforcing child-abuse laws and removing children from parental custody in appropriate cases." *Id.* And, unlike *Mirabelli*, which involved a class of parent plaintiffs, Parent Plaintiffs here seek an injunction only on their own behalf. Accordingly, the balance of equities sharply favors a preliminary injunction—including a preliminary injunction pending appeal.

## CONCLUSION

In *Mirabelli*, the Supreme Court came down firmly in favor of protecting parental rights against unconstitutional encroachment by the State—exactly what Parent Plaintiffs here suffer because of the Challenged Provisions. Accordingly, this Court should reverse the district court's orders with instructions to enter a preliminary injunction enjoining Defendants' enforcement of the Challenged Provisions. In addition, this Court should vacate its prior orders denying a preliminary injunction pending appeal and enter that requested injunction as to all Plaintiffs with minor children in public schools.

March 13, 2026

Respectfully submitted,

*/s/ Gene C. Schaerr*

Michael J. Vigliotta
  City Attorney
OFFICE OF THE CITY ATTORNEY
2000 Main Street, P.O. Box 190
Huntington Beach, CA 96248
Telephone: (714) 536-5555
mvigliotta@surfcity-hb.org

Nicholas Barry
Ian Prior
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave S.E., #231
Washington, DC 20003
Telephone: (202) 964-3721
nicholas.barry@aflegal.org
ian.prior@aflegal.org

Gene C. Schaerr
Stephanie L. Freudenberg
Justin A. Miller
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
gschaerr@schaerr-jaffe.com

Donald M. Falk
SCHAERR | JAFFE LLP
One Embarcadero Center
Suite 1200
San Francisco, CA 94111
Telephone: (415) 562-4942
dfalk@schaerr-jaffe.com

*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE

This brief complies with this Court's March 3, 2026 Order because it contains 2,490 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

*/s/ Gene C. Schaerr*
Gene C. Schaerr
*Counsel for Plaintiffs-Appellants*