

C A L I F O R N I A
**DEPARTMENT OF JUSTICE**

**Rob Bonta**
*Attorney General*

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Telephone: (415) 510-3776
E-Mail: Julie.Veroff@doj.ca.gov

July 8, 2026

**VIA ACMS**
Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE:  *City of Huntington Beach et al. v. Newsom et al.*, No. 25-3826
Citation of Supplemental Authority: *International Partners for Ethical Care v. Ferguson*, No. 25-840 (U.S.) and *Vitsaxaki v. Skaneateles Central Sch. Dist.*, 2026 WL 1831552 (2d Cir. June 25, 2026)

Dear Ms. Dwyer:

Defendants write to notify the Court of two developments relevant to the above-captioned case.  First, the Supreme Court granted certiorari in *International Partners for Ethical Care v. Ferguson*, No. 25-840 (U.S. June 29, 2026).  The question presented there is "[w]hether parents have standing to challenge a law or policy that deliberately displaces their decision-making role as to 'gender transitions' of their children, and in so doing creates present and likely future impediments to their ability to parent their children as they deem best for them." Pet., *Int'l Partners for Ethical Care* (U.S. Jan. 7, 2026), at i.  Resolving that question will almost certainly require the Supreme Court to apply, clarify, or

July 8, 2026
Page 2

distinguish its holding in *Mirabelli v. Bonta*, 607 U.S. 492, 498 (2026), that parents who object to the application of the gender identity non-disclosure policies challenged there "very likely have standing because they are objects of" those policies. Because the Supreme Court's resolution of *International Partners* will provide important guidance on whether the parent plaintiffs here have standing, it would be appropriate for the Court to hold this appeal in abeyance until then. Doing so would not prejudice plaintiffs' interests given their preliminary injunction pending appeal. Dkt. 61.

Second, in *Vitsaxaki v. Skaneateles Central School District*, 2026 WL 1831552 at *1 (2d Cir. June 25, 2026), the Second Circuit vacated in part and remanded in light of the Supreme Court's *Mirabelli* ruling. *Vitsaxaki* involves a parent's substantive due process and free exercise challenge to her school district's policy of referring to a student with the name and pronouns that reflect their gender identity without parental notification. *Id.* The district court dismissed, the parent appealed, and the case was briefed and argued before *Mirabelli* issued. The Second Circuit then vacated and remanded "for the court to consider how *Mirabelli* may affect the analysis in the first instance." *Id.* If the Court does not hold for *International Partners*, a remand like that in *Vitsaxaki* would also be

July 8, 2026
Page 3

appropriate.  In doing so, the Court could instruct the district court to enter the

same preliminary injunction that this Court issued.

Sincerely,

*/s/ Julie Veroff*

JULIE VEROFF
Deputy Solicitor General

For    ROB BONTA
Attorney General

2026 WL 1831552
Only the Westlaw citation is currently available.
United States Court of Appeals, Second Circuit.

Jennifer Vitsaxaki, Plaintiff-Appellant,

v.

Skaneateles Central School District, Skaneateles Central Schools' Board of Education, Defendants-Appellees.

No. 25-952
|
June 25, 2026

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**Attorneys and Law Firms**

FOR PLAINTIFF-APPELLANT: Vincent M. Wagner (Laurence J. Wilkinson, John J. Bursch, Katherine L. Anderson, David A. Cortman, Raymond J. Dague, on the brief), Alliance Defending Freedom, Lansdowne, VA.

FOR DEFENDANTS-APPELLEES: Jeremy M. Sher, Bond, Schoeneck & King, PLLC, Rochester, NY.

AMICUS CURIAE IN SUPPORT OF PLAINTIFF-APPELLANT: Jeffrey C. Mateer, Keisha T. Russell, Tiffany D. Dunkin, First Liberty Institute, Plano, TX, for Amicus Curiae Abigail Martinez.

J. Marc Wheat, Timothy Harper, Advancing American Freedom, Inc., Washington, D.C., for Amicus Curiae Advancing American Freedom, Inc.; AFA Action, Inc.; American Association of Senior Citizens; American Encore; American Values; Delegate Lauren Arikan, Maryland District 7B; Arizona Women of Action; Association of Christian Schools International; Association of Mature American Citizens; E. Calvin Beisner, Ph.D., Memphis, Tennessee; Center for Political Renewal (CPR); Center for Urban Renewal and Education (CURE); Delegate Brian Chisholm, Maryland District 31; Christian Law Association; Christian Medical & Dental Associations; Coalition for Jewish Values; Eagle Forum; Eagle Forum of Georgia; Family Institute of Connecticut Action; Frontline Policy Council; Idaho Freedom Foundation; Independent Women's Law Center; Intercessors for America; International Conference of Evangelical Chaplain Endorsers; James Dobson Family Institute; JCCWatch.org; Tim Jones, Former Speaker, Missouri House, Chairman, Missouri Center-Right Coalition; Lutheran Center for Religious Liberty; Men and Women for a Representative Democracy in America, Inc.; Moms for Liberty; National Apostolic Christian Leadership Conference; National Association of Parents (d/b/a "ParentsUSA"); National Center for Public Policy Research; National Religious Broadcasters; Delegate Ryan Nawrocki, Maryland District 7A, MDFC Whip; New Jersey Family Policy Center; New York State Conservative Party; New Mexico Family Action Movement; Noah Webster Educational Foundation; North Carolina Values Coalition; Pennsylvania Eagle Forum; John Shadegg, Member of Congress, 1995-2010; 60 Plus Association; Paul Stam, Former Speaker Pro Tempore, North Carolina House; Stand for Georgia Values Action; Students for Life of America; Delegate Kathy Szeliga, Maryland District 7A, MDFC Vice Chair; The Justice Foundation; Tradition, Family, Property, Inc.; Bob Vander Plaats, President/CEO, The FAMiLY LEADER; The Honorable David Weldon, M.D.; Women for Democracy in America, Inc.; Yankee Institute; Young America's Foundation; and Young Conservatives of Texas.

Gene C. Schaerr, Edward H. Trent, Justin A. Miller, Schaerr Jaffe LLP, Washington, D.C., for Amicus Curiae The American College of Pediatricians.

Mary E. McAlister, Vernadette R. Broyles, Child & Parental Rights Campaign, Inc., Norcross, GA, for Amicus Curiae Child & Parental Rights Campaign, Inc.

Christopher Mills, Spero Law LLC, Charleston, SC, for Amicus Curiae Defending Education.

Cameron T. Norris, Tiffany H. Bates, Consovoy McCarthy PLLC, Arlington, VA, for Amicus Curiae Do No Harm, Inc.

Luke N. Berg, Wisconsin Institute for Law & Liberty, Milwaukee, WI; Emily Rae, Liberty Justice Center, Austin, TX, for Amicus Curiae Dr. Erica E. Anderson, PhD.

Randall L. Wenger, Lauren L. Hackett, Independence Law Center, Harrisburg, PA, for Amicus Curiae Family Policy Alliance; Alabama Policy Institute; Alaska Family Council; Arkansas Family Council; Center for Arizona Policy; California Family Council; Delaware Family Policy Council; Florida Family Voice; Indiana Family Institute; The Family Leader (Iowa); Kansas Family Voice; The Family Foundation (Kentucky); Louisiana Family Forum; Maine Christian Civic League; Maryland Family Institute; Massachusetts Family Institute; Michigan Family Forum; Minnesota Family Council; Montana Family Foundation; Nebraska Family Alliance; Cornerstone Action (New Hampshire); New

Case: 25-3826, 07/08/2026, DktEntry: 65.1, Page 5 of 7

Jennifer Vitsaxaki, Plaintiff-Appellant, v. Skaneateles Central School District, Skaneateles..., Not Reported in Fed. Rptr. (2026)

Jersey Family Policy Center; New Mexico Family Action Movement; New York Families Foundation; North Carolina Family Policy Council; North Dakota Family Alliance; Center for Christian Virtue (Ohio); Oklahoma Council of Public Affairs; Pennsylvania Family Institute; Rhode Island Family Institute; Palmetto Family Council (South Carolina); South Dakota Family Voice; Texas Values; The Family Foundation (Virginia); Family Policy Institute of Washington; and Protect Kids Colorado.

Talmadge Butts, Foundation for Moral Law, Gallant, AL, for Amicus Curiae Foundation for Moral Law.

Kevin T. Snider, Pacific Justice Institute, Sacramento, CA, for Amicus Curiae Hawaii Family Forum; Illinois Family Institute; Wisconsin Family Action; Ethics and Religious Liberty Commission of the Southern Baptist Convention; Concerned Women for America; Pacific Justice Institute; and the National Legal Foundation.

Christian B. Corrigan, on behalf of Austin Knudsen, Montana Attorney General, Helena, MT; Anna St. John, Joseph S. St. John, St. John Law LLC, New Orleans, LA, for Amicus Curiae Montana; Alabama; Alaska; Arkansas; Florida; Georgia; Idaho; Indiana; Kansas; Mississippi; Missouri; Louisiana; Nebraska; North Dakota; Ohio; Oklahoma; South Carolina; South Dakota; Texas; Utah; Virginia; West Virginia; and the Arizona Legislature.

Deborah J. Dewart, Hubert, NC, for Amicus Curiae NC Values Institute; and Liberty, Life, and Law Foundation.

Eric N. Kniffin, Ethics & Public Policy Center, Washington, D.C., for Amicus Curiae Our Duty.

Denise M. Harle, Shutts & Bowen LLP, Tallahassee, FL; Alyssa L. Cory, Shutts & Bowen LLP, Tampa, FL, for Amicus Curiae Religious Freedom Institute.

AMICUS CURIAE IN SUPPORT OF DEFENDANTS-APPELLEES: Anya Marino, Advocates for Trans Equality Education Fund, New York, NY, for Amicus Curiae Advocates for Trans Equality Education Fund; Delaware County Pride; Gay & Lesbian Youth Services of Western New York; Pride Center of Western New York; Transgender Law Center; and Volunteer Lawyers Project of CNY, Inc.

Samuel T. Grover, Samantha F. Lawrence, Freedom from Religion Foundation, Inc., Madison, WI, for Amicus Curiae Secular Student Alliance.

Kartik Naram, Barbara D. Underwood, Judith N. Vale, on behalf of Letitia James, Attorney General, State of New York, New York, NY; Rob Bonta, Attorney General, State of California, Sacramento, CA; Anne E. Lopez, Attorney General, State of Hawai'i, Honolulu, HI; Kwame Raoul, Attorney General, State of Illinois, Chicago, IL; Aaron M. Frey, Attorney General, State of Maine, Augusta, ME; Anthony G. Brown, Attorney General, State of Maryland, Baltimore, MD; Nicholas W. Brown, Attorney General, State of Washington, Olympia, WA; Andrea Joy Campbell, Attorney General, Commonwealth of Massachusetts, Boston, MA; Keith Ellison, Attorney General, State of Minnesota, St. Paul, MN; Matthew J. Platkin, Attorney General, State of New Jersey, Trenton, NJ; Dan Rayfield, Attorney General, State of Oregon, Salem, OR; Charity R. Clark, Attorney General, State of Vermont, Montpelier, VT; Brian L. Schwalb, Attorney General, District of Columbia, Washington, D.C., for Amicus Curiae New York; California; Hawai'i; Illinois; Maine; Maryland; Massachusetts; Minnesota; New Jersey; Oregon; Vermont; Washington; and the District of Columbia.

PRESENT: ROBERT D. SACK BETH ROBINSON, MYRNA PÉREZ, Circuit Judges.

**Opinion**

**\*1** **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART**, and this matter is **REMANDED** for proceedings consistent with this order.

The mother of a public school student, Plaintiff-Appellant Jennifer Vitsaxaki sued Defendants-Appellees Skaneateles Central School District and Skaneateles Central Schools' Board of Education (collectively "the School District"), challenging their policy of using "the name and pronoun that corresponds to the gender identity the student consistently asserts at school," App'x 83, even when that name and pronoun is inconsistent with the student's name and pronouns assigned at birth, without requiring notification to the parent of the student's request ("the Policy"). Vitsaxaki sought declaratory relief and damages based on allegations that the policy violated procedural and substantive due process and her free exercise rights.

The district court granted the School District's motion to dismiss Vitsaxaki's claims. *See Vitsaxaki v. Skaneateles Central School District*, 771 F. Supp. 3d 106, 123 (N.D.N.Y. 2025). The court concluded that Vitsaxaki had failed to

Case: 25-3826, 07/08/2026, DktEntry: 65.1, Page 6 of 7

Jennifer Vitsaxaki, Plaintiff-Appellant, v. Skaneateles Central School District, Skaneateles..., Not Reported in Fed. Rptr. (2026)

adequately allege a likelihood of future harm sufficient to support standing for declaratory relief; that she failed to allege that the challenged policy violated a fundamental right or imposed a substantial burden on her religious exercise such that strict scrutiny would apply, and the policy satisfied rational basis review; and that she failed to allege a protected liberty interest that would implicate procedural due process protections. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the grant of a motion to dismiss under Rules 12(b)(1) and 12(b)(6) without deference to the district court's reasoning. *See Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 503 (2d Cir. 2022). The inquiry for a Rule 12(b)(1) facial challenge to standing is whether the pleading "alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). [1] Under Rule 12(b)(6), if, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff, the complaint fails to plausibly state a claim, then dismissal is warranted. *See Marcus & Cinelli, LLP v. Aspen Am. Ins. Co.*, 158 F.4th 333, 340 (2d Cir. 2025); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[1] In quotations from caselaw and the parties' briefing, this opinion omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

While this appeal was pending, the United States Supreme Court issued a *per curiam* decision in *Mirabelli v. Bonta.* 146 S. Ct. 797 (2026). [2] The parties agree that this decision at least partially undermines the district court's reasoning as to the Free Exercise and Due Process issues. For that reason, we vacate the district court's judgment for the School District with respect to Vitsaxaki's claims for damages, and we remand for the court to consider how *Mirabelli* may affect the analysis in the first instance. *See Women's Health Services, Inc. v. Maher*, 636 F.2d 23 (2d Cir. 1980) (remanding for district court to consider effect of potentially controlling intervening decision of United States Supreme Court).

[2] The Supreme Court has since denied certiorari review of two recent Circuit decisions upholding similar policies. *Foote v. Ludlow School Committee*, No. 25-77, 2026 WL 1052101 (U.S. Apr. 20, 2026); *Littlejohn v. School Board of Leon County*, No. 25-259, 2026 WL 1127219 (U.S. Apr. 27, 2026).

**\*2** As to Vitsaxaki's claim for declaratory relief, she lacks standing because the requested relief is wholly retrospective and she has not pled any likelihood of future harm. Her complaint seeks a declaration that "the School District's policy facially and as applied to Mrs. Vitsaxaki violates her First and Fourteenth Amendment rights under the United States Constitution." App'x 47. But the only instance of the Policy's application to Vitsaxaki and her child occurred in 2021, and Vitsaxaki has since enrolled her child in a private school and has not pled that she would re-enroll her child in Skaneateles public schools if the policy were changed. Indeed, on appeal Vitsaxaki explicitly characterizes the declaratory relief sought as "retrospective." Appellant's Br. at 61. When it comes to claims for "injunctive and declaratory relief" specifically, it "is clear that the existence of an official policy, on its own, is not sufficient to confer standing to sue" absent a threatened injury pursuant to that policy that is "certainly impending, or there is a substantial risk that the harm will occur." *Dorce v. City of New York*, 2 F.4th 82, 95 (2d Cir. 2021). Because, on the pleadings before us, there is no likelihood that the child or Vitsaxaki would be subject to the Policy in the future, there is no likelihood of future harm to support standing to seek declaratory relief.

Vitsaxaki concedes that the relief she seeks is solely retrospective but attempts to rely on out-of-circuit caselaw to support the proposition that she can nevertheless seek "retrospective declaratory relief." *See Collins v. Daniels*, 916 F.3d 1302, 1315 (10th Cir. 2019); *Crue v. Aiken*, 370 F.3d 668, 677 (7th Cir. 2004). This argument is foreclosed by binding Second Circuit precedent consistently holding that, in accordance with the Supreme Court's decision in *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), "[a] plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998); *see also Diei v. Boyd*, 116 F.4th 637, 643 (6th Cir. 2024) (explaining that language implying retroactive declaratory judgment in *Crue* "appears to be little more than an inartful description of the fact that a liability determination must accompany any damages award, not that such a declaration is available as a separate remedy").

Vitsaxaki also argues that *Mirabelli* alters this analysis, but that decision is inapposite. It is true that the parents' standing to seek a preliminary injunction was affirmed in that case, but

the Court there focused on the scope of the injunction and whether it "provide[d] relief for all the parents of California public school students," or "only for those parents who object to the challenged policies or seek religious exemptions," lest the injunction also "grant relief to uninjured class members who lacked Article III standing." *Mirabelli*, 146 S. Ct. at 802–03. The Court determined that the scope of the injunction was appropriate because the parents were "objects of the challenged exclusion policies" such that they "very likely have standing." *Id*. Here, Vitsaxaki is no longer, and has not pled that she in the future will be, the object of the challenged policy. *Mirabelli* therefore does not change the fact that Vitsaxaki lacks standing for her requested declaratory relief,

and we affirm the district court's dismissal of Vitsaxaki's claim for declaratory relief.

For these reasons, we **AFFIRM** in part and **VACATE** in part the judgment of the district court, and this matter is **REMANDED** for proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

**All Citations**

Not Reported in Fed. Rptr., 2026 WL 1831552

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.