# SCHAERR JAFFE LLP

*Via ACMS*

July 9, 2026

Ms. Molly Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119

> Re:  *City of Huntington Beach, et al. v. Newsom, et al.*
> Case No. 25-3826
> Response to Letter of July 8, 2026, Doc. 65,
> Citing *Int'l Partners for Ethical Care v. Ferguson*, No. 25-840 (U.S.)
> and *Vitsaxaki v. Skaneateles Central Sch. Dist.*, 2026 WL 1831552
> (2d Cir. June 25, 2026)

Dear Ms. Dwyer:

Plaintiffs oppose Defendants' thinly disguised motion for abeyance or remand for three independent reasons. First, Defendants' "Rule 28(j) letter" is procedurally improper. Second, standing questions here were resolved by *Mirabelli v. Bonta*, 607 U.S. 492 (2026), and this Court's stay order, and *IPEC* is not relevant to the merits questions here. Third, further delay is unnecessary and inefficient.

**1.** Defendants must apply for relief in a Rule 27 motion, not a Rule 28(j) letter. *See* Fed. R. App. P. 27(a)(1); *id.* 28(j); Cir. R. 28-6. The panel should "construe [this] letter as a motion to strike [Defendants'] letter." *See Manley v. Rowley*, 847 F.3d 705, 710 n.2 (9th Cir. 2017).

**2.** The cited cases are of limited relevance here. *International Partners for Ethical Care v. Ferguson*, No. 25-840 (U.S.) ("*IPEC*") concerns only standing and has a broader focus than *Mirabelli*, which resolved the specific standing issues here. *IPEC* has nothing to do with the merits of Plaintiffs' appeal. And unlike the Second Circuit in *Vitsaxaki v. Skaneateles Central School District*, 2026 WL 1831552 (2d Cir. June 25, 2026), this Court already addressed *Mirabelli* in granting a stay. Moreover, the *Vitsaxaki* appeal involved a motion to dismiss and thus no record.

---

**GENE C. SCHAERR** | PARTNER
Office: (202) 787-1060
Email: gschaerr@schaerr-jaffe.com

**SCHAERR** | **JAFFE** LLP
1717 K Street NW, Suite 900
Washington, DC 20006
www.schaerr-jaffe.com

Ms. Molly Dwyer, Clerk of Court
July 9, 2026
Page 2

*Id.* \*1. Nor did it encompass injunctive or preliminary relief, instead remanding only damages claims not at issue here.

**3.** The panel should reject Defendants' improper request for abeyance or premature remand before issuing the merits opinion. Either would unduly delay this case. A decision appears imminent. This appeal was argued and submitted eight months ago in November 2025. And the panel already held that Plaintiffs are likely to prevail on standing and the merits. Doc. 61 at 4. This appeal concerns only preliminary relief, and *IPEC* won't be decided until next year. Defendants can explain *IPEC*'s relevance, if any, at summary judgment or permanent injunction proceedings on remand after this Court's merits decision. A remand without opinion at this stage would require duplicative briefing and waste the parties' and courts' resources.

\*   \*   \*

The Court should strike Defendants' "Rule 28(j) letter" and reject their plea for further delay.

Respectfully submitted,

Gene C. Schaerr
*Counsel for Appellants*

cc's: All counsel of record (via ACMS)